## GILLETTE MOTOR TRANSPORT, Inc. et al. v. NORTHERN OKLAHOMA BU-TANE CO. et al.

### No. 3937.

United States Court of Appeals
Tenth Circuit.

Jan. 5, 1950.

Welcome D. Pierson, Oklahoma City, Okl. (Howard Hentz, Oklahoma City, Okl., on the brief) for appellants.

John D. Cheek, Oklahoma City, Okl., Alt. Singletary, Perry, Okl., and Duke Duvall, Oklahoma City, Okl., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Two questions are presented by this appeal: First, whether the trial court erred in consolidating on its own motion, and over the objections of the defendants, a wrongful death action and a personal property action, where the question of liability is common to both; and, second, whether it erred in permitting the plaintiff to amend its complaint increasing the damages prayed for in the personal property action, after determination of liability.

Both actions arose out of a collision on an Oklahoma Highway between a motor freight truck operated by the appellant, Gillette Motor Transport Company and a butane or protane truck operated by the appellee, Northern Oklahoma Butane Company. Archie Moore, the driver of the butane truck lost his life in the accident, and both of the trucks involved were damaged. Appellee, Archie H. Moore, individually and as administrator of the estate of his father, brought a wrongful death action, and appellee, Northern Oklahoma Butane Company brought a personal property action, each seeking damages allegedly

sustained by the negligent operation of the Gillette truck. Gillette denied liability, and by counterclaim against the Butane Company sought personal property damages, allegedly sustained by the negligent operation of the butane truck. The appellant American Fidelity and Casualty Company is the insurance carrier of Gillette and appellee Fidelity and Casualty Company is the insurance carrier of the Butane Company. The suits, originally filed in the State District Court, were removed to the United States District Court for the Western District of Oklahoma on diversity of citizenship and requisite amount in controversy, both of which are present.

When the cases were at issue, the trial court upon its own motion and over the objections of the defendants, consolidated the two cases for trial. Upon agreement of the parties, the question of liability and the amount of damages to be awarded in the wrongful death action were submitted to the jury; the amount of damages to be awarded the Gillette Motor Transport Company or the Northern Oklahoma Butane Company was left for determination by the court, after the question of liability had been determined. The jury found that the accident was caused by the negligent operation of the Gillette truck, awarded damages of $2,000 in the wrongful death action, and the court awarded the Butane Company damages of $5,064.35 for the loss of its truck and cargo.

■ Appellants concede, as they must, the broad discretion vested in the trial court in ordering consolidation of cases for trial, where there is a "common question of law or fact", Rule 42 (a), Federal Rules of Civil Procedure, 28 U.S.C.A., but contend that the court abused its discretion in this instance because consolidation of the action for property damages with the wrongful death action involving "horrible and gruesome" details surrounding the death of the butane driver, unduly influenced the jury on the side of liability in the wrongful death action, which also spelled liability in the property action. The argument is that if the jury had been free to decide the question of liability for the property damage without the necessity of also considering the liability for the wrongful death, its verdict would have been different.

■ At the same time appellants "admit that there was a conflict in the evidence over the question of liability" and "that the affirmance of the verdict of the jury in the Moore case in the sum of $2,000 is justified". It is paradoxical to say in one breath that the verdict of the jury in the wrongful death action is justified under the evidence, and in the next breath say that a verdict for the property damages based upon the same evidence must fail because generated by prejudicial and inflammatory evidence. The argument falls by its own weight.

■ At the hearing to determine the amount of damages sustained by the Butane Company the evidence showed the value of the butane truck to exceed the amount alleged in the original complaint, and the court granted the Butane Company leave to amend as to the amount of damages sustained. Appellants were given an opportunity to present evidence as to value, but none was offered. Rule 15 (a), F.R.C.P. 28 U.S.C.A., provides that amendments should be freely allowed in the interest of justice. The complaint as amended did not change the cause of action—negligence remained the basis of the Butane Company's action, and liability had been determined. The effect of the amendment was to allow the appellee to receive an amount which the evidence showed to be a fair and reasonable value of the property destroyed. Even before the advent of Rule 15 such amendments were allowed under the general statute, 28 U.S.C.A. § 777,[1] of which Rule 15 is but a restatement. See Schulenberg v. Norton, 8 Cir., 49 F.2d 578; Concordia Ins. Co. of Milwaukee v. School Dist. No. 98, 10 Cir., 40 F.2d 379; Gregg v. Gier, Fed.Cas.No.5,799.

The judgment is affirmed.

I. See Federal Rules of Civil Procedure, Rules 1, 15, 61, 28 U.S.C.A.