■ LANCASTER STONE PRODUCTS CORPORATION, Respondent, v AUSTIN POWDER COMPANY, Appellant, et al., Defendant. (Action No. 1.) LANCASTER STONE PRODUCTS CORPORATION, Respondent, v AUSTIN POWDER COMPANY, Appellant, and BISON FORD TRUCK SALES, INC., Respondent, et al., Defendant. (Action No. 2.)—Order reversed, on the law, without costs, and motion granted. Memorandum: In two separate actions brought by plaintiff to recover damages caused by the explosion of a truck loaded with dynamite and driven to plaintiff's property by an employee of defendant Austin Powder Company, plaintiff alleged a cause of action in negligence against Austin and a second cause of action for contractual indemnification. The predicate for the indemnification cause of action is a service agreement entered into between the parties which provides, in pertinent part: "Lancaster Stone Products Corporation recognizes full responsibility for the results and consequences of such service when performed by a licensed blaster using generally accepted loading and safety procedures. The licensed blaster and Austin Powder Company are responsible *to the full extent of their [sic] liability for damages that result from the improper use or handling of explosives products."* (Emphasis supplied.)

Austin moved for partial summary judgment dismissing the second indemnification causes of action in each complaint. Special Term denied the motion finding that the second cause of action "presents a triable issue of fact as to whether and to what extent Austin's improper use or handling of the explosives may have contributed to Lancaster's damages". This was error.

The agreement between the parties is unambiguous. It provides that Lancaster shall assume full responsibility for the consequences of any blasting when the service is provided by a li-

censed blaster using acceptable procedures. Austin, on the other hand, assumed responsibility "to the full extent of their liability" for damages resulting from the improper use or handling of explosives. This is nothing more than a statement of Austin's common-law liability. Nothing in the service agreement even remotely implies that Austin agreed to assume responsibility for damages regardless of who was at fault.

While an indemnification agreement entered into at arm's length between sophisticated parties may be construed as intending indemnification of a party for its own negligence, this result will obtain only if "the agreement between the parties connotes an 'intention to indemnify [which] can clearly be implied from the language and purposes of the entire agreement'. *(Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153)" *(Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 159). The instant agreement falls far short of this standard and, indeed, does nothing more than obligate Austin to pay for damages which result from its own negligence, a responsibility which has already been pleaded in the first cause of action in each complaint.

All concur, except Hancock, Jr., J. P., who dissents and votes to affirm in the following memorandum.

Hancock, Jr., J. P. (dissenting). The majority has concluded that, as a matter of law, there is no merit to the second cause of action in each of the two complaints and has, therefore, granted partial summary judgment in each action dismissing that cause of action on the merits (CPLR 3212). In my opinion there is no legal basis for such action. The second cause of action, taken alone, states a valid claim for relief based on Austin Powder's alleged breach of its contractual obligation in the service agreement to make plaintiff whole for damages resulting from Austin Powder's improper use or handling of explosives. That the service agreement has been improperly characterized by plaintiff as an indemnity agreement does not mean that it lacks legal validity as a contract. It can be viewed simply as an agreement to reimburse plaintiff for whatever damages Austin Powder may cause through its negligence in handling explosives. Nor does it make any difference that, as the majority views it, the service agreement "does nothing more than obligate Austin to pay damages which result from its own negligence". That the plaintiff in the second cause of action, for whatever reasons, seeks essentially the same damages as in the first cause of action and that, as a practical matter, that cause of action may be viewed as duplicative, does not constitute a basis for dismissing the second cause of action on the merits. No attack is made on the pleading as repeti-

tious or duplicative and, in any event, plaintiff may plead causes of action seeking the same relief in the alternative (CPLR 3014). (Appeal from order of Supreme Court, Erie County, Francis, J.— partial summary judgment.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Schnepp, JJ.