■ DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Plaintiffs, v CAUDILL ROWLETT SCOTT, Defendant and Third-Party Plaintiff-Appellant-Respondent. LEMESSURIER ASSOCIATES et al., Third-Party Defendants-Respondents-Appellants.—Order of the Supreme Court, New York County (Myriam J. Altman, J.), entered September 28, 1988, which, *inter alia,* dismissed third-party plaintiff's second and third causes of action and denied third-party defendants' motions for summary judgment as to the first cause of action in the third-party complaint, is unanimously modified, on the law, solely to the extent of granting third-party defendants' motion for summary judgment as to the first cause of action and denying third-party plaintiff leave to serve an amended third-party complaint containing allegations regarding the design phase subcontracts and asserting a cause of action for implied indemnification, and otherwise affirmed, without costs or disbursements.

The City University of New York (CUNY) entered into a contract with defendant Caudill Rowlett Scott (CRS) to perform architectural and engineering services in connection with the design of Manhattan Community College. Thereafter, CRS entered into a subcontract with third-party defendant Caretsky & Associates (Caretsky) to perform engineering services and into a similar contract for engineering services with third-party defendant LeMessurier Associates (LeMessurier).

At a later date, the Dormitory Authority of the State of New York (DASNY) entered into an agreement with CRS for the performance of certain services connected to the actual construction of the college. CRS entered into subcontracts with Caretsky and LeMessurier to assist CRS in the construction phase.

Construction work was suspended on the project due to the city's fiscal crisis and, thereafter, plaintiffs began actions against CRS alleging breach of contract and negligence in the performance of both the design and construction services.

CRS thereafter instituted the third-party action, asserting as to each third-party defendant that if a judgment is awarded against CRS, it would in part be the result of the breach of contract between the subcontractor and CRS and due to errors and omissions by the subcontractor in connection with its performance under the contract. The second cause of action was for contractual indemnification and the third cause of action sought contribution to the extent that the subcontractor's negligence and breach of contract caused plaintiff's damages.

The Supreme Court granted, *inter alia,* the third-party defendants' motions for summary judgment as to the second and third causes of action but denied the motions as to the first cause of action and granted the cross motion by third-party plaintiff to serve an amended third-party complaint containing allegations regarding the design phase subcontracts and asserting a cause of action for implied indemnification.

When two or more persons are subject to liability for damages for the same personal injury, injury to property or wrongful death, a claim for contribution may be brought (CPLR 1401). However, economic loss resulting from a breach of contract does not constitute "injury to property" within CPLR 1401 *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 26).

Although plaintiff DASNY's second cause of action claims negligence in performing the design services and a failure to "exercise reasonable care in designing the project", it does not transform a breach of contract into a tort *(see, SSDW Co. v Feldman-Misthopoulos Assocs.,* 151 AD2d 293). "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). DASNY does not claim a legal duty on the part of defendant independent of its contractual obligations.

In *Board of Educ. v Sargent, Webster, Crenshaw & Folley (supra),* a school district contracted with Sargent as the architect and Thompson Construction Corp. as the general contractor in the construction of a high school. The district commenced an action against Sargent and Thompson for damages, alleging the roof was defective and not of the type for which it contracted. Sargent commenced a third-party action seeking contribution or indemnification from Thompson. The third-party action was dismissed on the ground that the contribution statute does not apply where only pecuniary damages are sought arising out of a breach of contract.

Therefore, the third cause of action for contribution and the third-party defendants' cross claims for contribution were properly dismissed.

The contention that the second cause of action for contractual indemnification is valid, since the indemnification clauses cover improper performance, is without merit. These clauses in both the construction phase subcontracts and the CRS-Caretsky design phase subcontract provide that the third-

party defendants: "agree[s] to indemnify, defend, and hold CRS harmless from any claim, loss, damage or liability on account of bodily injury or death of any person or damage to property caused or alleged to have been caused, by any act, error, or omission or improper performance of engineering services". The CRS-LeMessurier design phase subcontract contains substantially the same indemnification clause.

The IAS court correctly found that this wording was intended to cover only third-party claims "due to bodily injury or death of a person or damage to property". The economic losses claimed by plaintiffs do not, therefore, fall within the scope of the contractual indemnification clauses.

Insofar as the first cause of action is concerned, however, the IAS court erred in allowing a cause of action for implied or common-law indemnification. "Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" *(Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449, 453).

Plaintiffs seek to hold CRS not vicariously liable for the actions of the subcontractors, but with causing the damages *itself* arising from a breach of contract. Therefore, CRS cannot invoke the doctrine of implied indemnification *(see, SSDW Co. v Feldman-Misthopoulos Assocs., supra).*

The agreement between CRS and Caretsky did not delegate all the responsibilities to Caretsky. The agreement stated that CRS was responsible for the total mechanical, electrical and plumbing services under its contract with DASNY and that CRS was delegating only certain of these engineering services. Attached to this agreement was a chart entitled "Division of Responsibility for Engineering Services" which specified which party had major responsibility, minor responsibility or no responsibility for different phases of the project. A review of the chart clearly indicates that CRS retained responsibility and participated in different stages. The agreement with LeMessurier also states that there was a division of responsibility form attached (although not included in the record).

Since CRS retained responsibility with Caretsky and LeMessurier, it "participated to some degree in the wrongdoing" and, therefore, cannot avail itself of the doctrine of implied indemnification *(see, Rock v Reed-Prentice Div.,* 39 NY2d 34; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., supra).*

Finally, CRS has conceded that because the first cause of action duplicates its second and third causes of action, it is superfluous and may be deleted. Concur—Kupferman, J. P., Milonas, Asch and Rubin, JJ.