◼ PAUL POLITTE et al., Respondents, v CHARLES J. SHERMAN, Doing Business as SHERMAN TILE COMPANY, Defendant and Third-Party Plaintiff-Appellant. JOHN E. McCORMACK, Doing Business as McCORMACK INDUSTRIES, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Weiss, J. Appeals (1) from a judgment of the Supreme Court (Dier, J.), entered October 17, 1989 in Warren County, upon a decision of the court in favor of plaintiffs, (2) from a judgment of said court, entered October 23, 1989 in Warren County, upon a decision of the court in favor of defendant on the third-party complaint, and (3) from an order of said court, entered January 23, 1990 in Warren County, which denied the motion of third-party defendant John E. McCormack to set aside the decision in favor of defendant.

Plaintiffs contracted with third-party defendant John E. McCormack to construct their new home. The contract provided for monetary allowances for various items including flooring. As plaintiffs desired tile flooring in several rooms and McCormack professed to be unfamiliar with same, plaintiffs entered into a separate contract with defendant for the installation of tile flooring. Shortly after completion, the tile flooring developed cracks which, despite repeated repairs by defendant, continued to reoccur. The root cause was determined to be the installation of the subflooring using staples and glue with a single layer of three-quarter-inch tongue and groove plywood. Experts testified that the problem was curable with either different securing mechanisms or additional subflooring. This action was commenced against defendant, as the tile flooring contractor, for, *inter alia,* breach of contract. Defendant commenced a third-party action against McCormack, the general contractor, alleging that the flooring contract was between McCormack and defendant and breached by McCormack, and seeking damages for breach of contract, indemnification and contribution.

After a nonjury trial, Supreme Court found that the contract was between plaintiffs and defendant, that the problems were caused by the inadequacy of the subflooring, and that McCormack informed both plaintiffs and defendant that he was unfamiliar with the flooring. The court concluded that defendant and McCormack were equally responsible for the defects and granted judgment in favor of plaintiffs against defendant on the complaint. The court then granted judgment

for defendant over against McCormack for contribution of one half of the amount granted to plaintiffs. Finally, the court denied McCormack's motion to set aside its decision in favor of defendant. These appeals by both McCormack and defendant then ensued.

The judgment against McCormack must be reversed. Plaintiffs' judgment against defendant is for breach of a contract to which McCormack is not privy. Defendant's liability to plaintiffs is based upon his own active failure to perform his contractual obligations to plaintiffs and not purely vicarious to any fault attributable to McCormack. Therefore, common-law indemnification against McCormack does not lie *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 146 AD2d 190, 199, *lv denied* 75 NY2d 702; *see also, McDermott v City of New York,* 50 NY2d 211, 217-218; *Mauro v McCrindle,* 70 AD2d 77, 82, *affd* 52 NY2d 719). Furthermore, contribution pursuant to CPLR 1401 is inapplicable in a breach of contract claim *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 28). In view of this conclusion, McCormack's appeal from the order denying his motion to set aside the decision in favor of defendant is rendered academic and should be dismissed.

Defendant's contention that he is not responsible for damages resulting from defects in the subflooring lacks support in the record. The evidence shows that both plaintiffs and McCormack clearly informed defendant that they were unfamiliar with the installation of tile. Defendant examined the subflooring from above and below, and in response to plaintiffs' inquiry, indicated that the flooring was sufficient, and thereafter made his proposal.

This court may render a judgment deemed warranted by the facts *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499) and, absent any basis upon which to conclude that McCormack was responsible for plaintiffs' damage, we make the following findings. Defendant, aware that plaintiffs and their general contractor were unfamiliar with the installation of tile, undertook to examine the suitability of plaintiffs' new home for the installation of tile as proposed by defendant to plaintiffs. Defendant represented that the premises were suitable, and in reliance thereon plaintiffs entered into a contract with defendant on April 1, 1982 for the installation of the tile. Defendant installed the tile without taking remedial steps to adequately secure or modify the subflooring of plaintiffs' home in a manner to properly install the tile. Because of the nature of the subfloor-

ing, the methodology of the installation with epoxy and the strength of the tile, shortly after installation by defendant and payment by plaintiffs the tiles began to crack and all repair efforts by defendant were of no avail. The actual cost necessary to remedy the situation was $7,878.35 as of September 1, 1982. In light of these findings we conclude that defendant breached his contract with plaintiffs for the proper installation for which defendant is solely responsible. Plaintiffs are entitled to a judgment against defendant for $7,878.35 and the third-party complaint against McCormack should be dismissed.

Judgment entered October 17, 1989 affirmed, without costs.

Judgment entered October 23, 1989 reversed, on the law, without costs, and third-party complaint dismissed against third-party defendant John E. McCormack.

Order dismissed, as academic, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.