■ BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v MARS ASSOCIATES, INC., and NORMEL CONSTRUCTION CORP., a Joint Venture, et al., Appellants, and JOHNS-MANVILLE SALES CORPORATION, Respondent, et al., Defendant. (And a Third-Party Action.)—Order, Supreme Court, New York County (Herman Cahn, J.), entered January 2, 1990, which, *inter alia,* granted defendant Johns-Manville's motion for summary judgment dismissing the cross-claims of defendants Mars Associates, Inc. and Normel Construction Corp., a joint venture, and the cross-claims of Bayside Roofing Corp., unanimously affirmed, without costs. Order of the same court entered September 13, 1990 which, *inter alia,* granted defen-

dant Johns-Manville's motion to dismiss the third party complaints in each of the six consolidated actions, unanimously affirmed, without costs.

Upon review of the record, we find that the IAS Court properly dismissed all third party complaints and cross-claims for contribution and indemnity.

In the early 1970's plaintiff Board of Education of the City of New York contracted with Mars/Normel to construct six public schools. Mars/Normel subcontracted with Bayside to install the roofs and Johns-Manville supplied the roofing materials to Bayside. After defects were discovered in the roofing work resulting in cracks and water leakage, the Board of Education commenced the instant action against defendants and their sureties to recover monetary damages. In 1984 the Board of Education executed a general release with Johns-Manville pertaining to "any and all claims related to or in connection with the Johns-Manville roofing materials installed by Bayside" in the six schools. This release served as a bar to the contribution claims asserted by appellants Mars/Normel and Bayside. (See, General Obligations Law § 15-108 [b].) Similarly, the indemnification claims asserted against Johns-Manville were properly dismissed as plaintiff's causes of action were contractual and not tortious in nature, and no legal duty independent of the contract itself was shown to have been violated. (See, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 28-29; Dormitory Auth. v Scott, 160 AD2d 179, lv denied 76 NY2d 706.)

We have considered the appellants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.