■ DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent, v MICHAEL BAKER JR. OF NEW YORK, INC., et al., Defendants, and JOHN GRACE & Co., INC., Defendant and Third-Party Plaintiff-Respondent. CLEAVER BROOKS et al., Third-Party Defendants, and ENGINEERING CONTROLS, Third-Party Defendant-Appellant. MICHAEL BAKER JR. OF NEW YORK, INC., Second Third-Party Plaintiff-Respondent, v BAT-

TAGLIA & SECKLER et al., Second Third-Party Defendants, and ENGINEERING CONTROLS, Second Third-Party Defendant-Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 3, 1990, which, *inter alia,* denied third-party defendant and second third-party defendant Engineering Controls' motion to dismiss the third-party complaint of defendant John Grace & Co., Inc. and the second third-party complaint of defendant Michael Baker Jr. of New York, Inc., on the ground that the third-party complaints fail to state causes of action for contribution or indemnification and otherwise are time-barred, unanimously modified on the law, to dismiss Grace's first cause of action, insofar as it seeks contribution, and second cause of action as time-barred, and to dismiss Baker's third cause of action for contribution, fourth cause of action for implied indemnification, and sixth cause of action as time-barred, and otherwise affirmed, without costs.

Since economic loss resulting from breach of contract does not constitute injury to property within the meaning of CPLR 1401 *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21; *Dormitory Auth. v Caudill Rowlett Scott,* 160 AD2d 179, *lv denied* 76 NY2d 706) the claims for contribution asserted by Grace and Baker against Engineering Controls should have been dismissed. Nor does plaintiff's malpractice claim against Baker permit contribution, since that claim arises out of Baker's failure to fulfill contractual obligations, not its failure to perform in a manner equal to the standard of care in the profession *(see, Robinson Redevelopment Co. v Anderson,* 155 AD2d 755). Grace's second cause of action and Baker's sixth cause of action against Engineering Controls should have been dismissed as time-barred pursuant to the four-year Statute of Limitations applicable to the sale of goods (UCC 2-725) and the three-year Statute of Limitations applicable to actions to recover for property damages (CPLR 214 [4]), since the third-party complaints are based upon a contract with Engineering Controls for the sale of the waste heat boilers together with component parts and other equipment, rather than a contract for installation services. *(Triangle Underwriters v Honeywell, Inc.,* 604 F2d 737.) Finally, while Grace can rely on paragraph 18 of the purchase order with Engineering Controls for its claim in express indemnification against Engineering Controls, a claim in implied indemnification is not available to Baker. Baker is not charged by plaintiff with vicarious liability for Engineering Controls' actions, but rather is alleged to be partially at fault for failing to properly design the boilers *(Dormitory Auth. v Caudill*

*Rowlett Scott, supra).* Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.