FACILITIES DEVELOPMENT CORPORATION, Respondent, v SILVIO MILETTA, Defendant and Third-Party Plaintiff-Respondent-Appellant, and DETROIT STOKER COMPANY, Respondent-Appellant. MECHANICAL CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant-Respondent.

Third Department, May 14, 1992

98

## APPEARANCES OF COUNSEL

*Bouck, Holloway, Kiernan & Case (Mary Ann D. Allen* of counsel), for third-party defendant-appellant-respondent.

*Roemer & Featherstonhaugh, P. C. (Matthew J. Kelly* of counsel), for respondent-appellant.

*Donohue, Sabo, Varley & Armstrong, P. C. (Fred J. Hutchison* of counsel), for defendant and third-party plaintiff-respondent-appellant.

*Robert Abrams, Attorney-General (Michael S. Buskus, Denise A. Hartman* and *Peter G. Crary* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Plaintiff entered into a contract with Silvio Miletta, an engineer, to design and supervise the rehabilitation of a heating plant at one of plaintiff's facilities. Plaintiff thereafter contracted with Mechanical Construction Corporation (herein-

after Mechanical) to act as general contractor for the rehabilitation project. Mechanical entered into a subcontract with Detroit Stoker Company (hereinafter Detroit) to supply two coal stokers needed for the project. Because of problems with the coal stokers supplied by Detroit, the project was not completed on time and the coal furnaces were not operable when the project was completed.

Plaintiff commenced this action against Miletta, alleging causes of action based upon breach of contract and malpractice arising out of negligence in the design of the project. Each cause of action seeks the same $3 million in damages for additional construction costs necessary to remedy the defective design and the additional fuel and heating costs incurred because plaintiff could not operate the two coal-fired boilers in its heating plant. Miletta answered and commenced a third-party action against Detroit seeking indemnification and/or contribution based upon allegations that the coal stokers supplied by Detroit were defective and that Detroit was liable for the damages caused by those defects on theories of negligence, breach of warranty and strict products liability. Miletta also commenced a third-party action against Mechanical seeking indemnification based upon a clause in the contract between plaintiff and Mechanical. The third-party answers of Detroit and Mechanical each included a cross claim against the other. Plaintiff thereafter commenced an action against Detroit, seeking to recover as a third-party beneficiary for Detroit's breach of its subcontract with Mechanical, which was consolidated with the action against Miletta.

Mechanical moved for summary judgment dismissing Miletta's third-party complaint. Detroit cross-moved for summary judgment dismissing plaintiff's complaint and Miletta's third-party complaint. Miletta cross-moved for permission to amend its third-party complaint against Mechanical to add a cause of action for contribution. Supreme Court's resolution of the various issues raised by these motions resulted in the order now being cross-appealed.

■ We first conclude that Supreme Court correctly denied Detroit's cross motion for summary judgment dismissing plaintiff's complaint. Detroit claims that plaintiff is not an intended beneficiary of the subcontract between Mechanical and Detroit. Plaintiff is an intended beneficiary if the circumstances indicate that Mechanical, as the promisee in its contract with Detroit, intended to give plaintiff the benefit of the promised performance *(see, Fourth Ocean Putnam Corp. v*

*Interstate Wrecking Co.,* 66 NY2d 38, 44). "Among the circumstances to be considered is whether manifestation of the intention of the promisor and promisee is 'sufficient, in a contractual setting, to make reliance by the beneficiary both reasonable and probable' " *(supra,* at 44, quoting Restatement [Second] of Contracts § 302, comment *d).* Applying these principles to the relevant documentary evidence in the record, we are of the view that at the very least a question of fact has been raised as to whether plaintiff is an intended beneficiary of the subcontract between Mechanical and Detroit, wherein Detroit agreed to supply the coal stokers for installation in the heating plant at plaintiff's facility *(see, Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 455-457; *see also, City of New York v Kalisch-Jarcho, Inc.,* 161 AD2d 252, 253; *Sanbar Projects v Gruzen Partnership,* 148 AD2d 316, 319).

Relying upon a clause in the subcontract, which provides that no representations or guarantees not contained in the contract shall bind Detroit, Detroit contends that plaintiff cannot enforce the subcontract as a third-party beneficiary because it has no enforceable rights under the contract. A subcontractor can insist upon a contractual clause negating enforcement of the contract by a third party *(see, City of New York v Kalisch-Jarcho, Inc., supra,* at 253), and such a provision is controlling if it expressly negates third-party enforcement *(see, Fitzpatrick Constr. Corp. v County of Suffolk,* 138 AD2d 446, 449-450, *lv denied* 73 NY2d 807). The clause at issue neither expressly negates third-party enforcement nor provides that the agreement is not intended to confer on any other person any rights or remedies *(cf., Nepco Forged Prods. v Consolidated Edison Co.,* 99 AD2d 508). Detroit, therefore, is not entitled to summary judgment dismissing plaintiff's complaint against it.

■ We next conclude that Supreme Court erred in denying Mechanical's motion to dismiss Miletta's third-party claim, which is based upon the indemnification clause contained in Mechanical's contract with plaintiff. The clause provides that Mechanical will indemnify plaintiff, its representatives and certain others "from suits, actions, damages and costs of every nature and description resulting from the work under this [c]ontract". Miletta contends that he is entitled to indemnification from Mechanical under this clause because he is defined as plaintiff's representative in the contract documents and plaintiff's action against Miletta arose out of work under Mechanical's contract with plaintiff. As discussed below in our

analysis of Miletta's indemnification claim against Detroit, Miletta's liability to plaintiff is limited to those damages caused by Miletta's tortious conduct in the rendition of professional engineering services (i.e., his malpractice) or Miletta's breach of his contract with plaintiff. It is the general rule that an indemnification agreement between sophisticated business entities will be construed as intending to indemnify either party for its own wrongdoing only when the language in the agreement clearly connotes an intent to provide for such indemnification (Fay's Drug Co. v British Am. Dev. Corp., 140 AD2d 810, 811; Lancaster Stone Prods. Corp. v Austin Powder Co., 112 AD2d 11, 12, appeal dismissed 67 NY2d 647). The indemnity clause at issue does not clearly connote an intent to provide for the indemnification of plaintiff's representative for damages caused by the representative's own tortious conduct and/or breach of contract. Having so concluded, we need not reach the question of the applicability of General Obligations Law § 5-324 in a case involving purely economic loss, with no property damage or personal injury.

Miletta also contends that Supreme Court erred in its conclusion that Miletta has no claim for contribution against either Mechanical or Detroit. We disagree. CPLR 1401 provides that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them". It is now firmly established "[t]hat purely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute" (Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26). But when an architect is sued in both breach of contract and malpractice, he can seek contribution from other architects and engineers involved in the project if the economic loss was caused by the professionals' breach of legal duties independent of their contractual obligations (compare Robinson Redevelopment Co. v Anderson, 155 AD2d 755, with City of Glens Falls v Crandell Assocs. Architects, 170 AD2d 866). Plaintiff's complaint against Miletta seeks damages for purely economic loss. The malpractice cause of action contained in the complaint alleges Miletta's negligence in the design and specifications required by the parties' contract. Assuming that these allegations are sufficient to state a claim separate and distinct from the breach of contract claim (but see, Dormitory Auth. v Baker of N. Y., 178 AD2d 249), there is nothing in the record to suggest that either Mechanical, as

the general contractor, or Detroit, as a subcontractor, breached a legal duty independent of the obligations in their contracts and, therefore, any liability they might have for plaintiff's economic loss would arise out of breach of contract, not tort *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389).

■ Miletta contends that Detroit is a "design professional" subject to a malpractice claim outside the scope of its contractual obligations because it engaged in certain design and engineering work in connection with its fabrication of the coal stokers. The argument is meritless. The mere fact that a contractor must engage the services of a licensed engineer to perform a portion of the many services encompassed by the contract neither converts that contract into one for the performance of those professional services, nor constitutes the practice of engineering *(see, Charlebois v Weller Assocs.,* 72 NY2d 587, 593-594). Detroit's responsibility for plaintiff's economic loss is premised not upon Detroit's failure to perform in a manner equal to the standard of care in the profession of engineering, but upon Detroit's failure to provide coal stokers which would operate when installed in plaintiff's heating plant, as required by Detroit's contract with Mechanical. We conclude that neither Mechanical nor Detroit can be subject to any liability for plaintiff's damages other than economic loss resulting from breach of contract, which does not constitute injury to property within the meaning of CPLR 1401 *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra).* Miletta, therefore, has no claim for contribution against either Mechanical or Detroit.

The final issue concerns Miletta's claim for indemnification against Detroit. Supreme Court refused to dismiss that portion of Miletta's third-party complaint which asserted such a claim. Indemnification "arises out of a contract which may be express or may be implied in law 'to prevent a result which is regarded as unjust or unsatisfactory' " *(Rosado v Proctor & Schwartz,* 66 NY2d 21, 24, quoting Prosser and Keeton, Torts § 51, at 341 [5th ed]). There is no claim of any express contractual obligation requiring Detroit to indemnify Miletta. Rather, it appears that Miletta is relying upon implied indemnity, for its third-party complaint alleges that Detroit is guilty of negligence, breach of warranty and strict products liability in its design and manufacture of the coal stokers installed in the heating plant at plaintiff's facility.

■ Frequently invoked in favor of one who is vicariously

liable for the tort of another, implied indemnity is not limited to such cases and has been employed in other contexts *(Rosado v Proctor & Schwartz, supra,* at 24). It is a restitution concept which results in a shifting of the loss "because to fail to do so would result in the unjust enrichment of one party at the expense of the other" *(Mas v Two Bridges Assocs.,* 75 NY2d 680, 690). We are of the view that no shifting of the loss is necessary here because Detroit cannot be unjustly enriched at the expense of Miletta.

As previously noted, the damages sought by plaintiff are for purely economic loss and, in the absence of any evidence that Detroit breached a legal duty independent of its contractual obligations, the exclusive basis for Detroit's liability for plaintiff's damages is breach of contract *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389, *supra).* It follows, therefore, that Miletta's third-party claims against Detroit based upon negligence, strict products liability and breach of warranty without privity are meritless *(see, Arell's Fine Jewelers v Honeywell, Inc.,* 170 AD2d 1013, 1014). If, in fact, Detroit breached its obligations under its contract with Mechanical and thereby caused all or a portion of the economic loss sustained by plaintiff, Miletta cannot be held liable for the same loss because the proximate cause of that loss would be Detroit's breach of contract, not anything Miletta did or did not do. Miletta has no right of implied indemnity because Detroit and Miletta are each responsible for the portion of plaintiff's economic loss caused by that party's wrongdoing and not for any portion of the economic loss caused by the other party's wrongdoing *(see, Politte v Sherman,* 168 AD2d 761, 762; *Won's Cards v Samsondale/Haverstraw Equities,* 165 AD2d 157, 166; *Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 146 AD2d 190, 199-200, *lv denied* 75 NY2d 702).

The cases cited above involve pure contract actions, while plaintiff's complaint against Miletta includes a malpractice cause of action in addition to the breach of contract cause of action. The damages sought in each cause of action, however, are identical and involve purely economic loss. Although plaintiff has pleaded alternative theories of liability, Miletta's right to such implied indemnity from another party should be the same regardless of which of plaintiff's theories is successful, if any, because the economic loss recoverable under either theory is the same. In any event, assuming that Miletta could be held liable in this case for a form of damages allowable in tort but not in contract *(see, Sears, Roebuck & Co. v Enco*

*Assocs.,* 43 NY2d 389, 397), Miletta's loss due to those damages should not be shifted to Detroit, whose liability is exclusively in contract, not in tort. Miletta, therefore, has no cause of action for implied indemnity against Detroit, and Supreme Court erred in denying that portion of Miletta's third-party complaint against Detroit which seeks indemnification.

MERCURE, J. P., CREW III, MAHONEY and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, so as to provide for the complete dismissal of Silvio Miletta's third-party complaints against Detroit Stoker Company and Mechanical Construction Corporation, and, as so modified, affirmed.