**EDWARD KRAEMER & SONS, INC., Plaintiff,**

v.

**The CITY OF KANSAS CITY, KANSAS and Michael Johnston, in his capacity as the Secretary of the Kansas Department of Transportation, Defendants.**

Civ. A. Nos. 94–2215–GTV, 94–2230–GTV.

United States District Court, D. Kansas.

Jan. 25, 1995.

Richard W. Miller, Stephen R. Miller, Weston A. Sechtem, Miller Law Firm, P.C., Kansas City, MO, for Edward Kraemer & Sons, Inc., in No. 94–CV–2215.

Mary A. Kancel, City of Kansas City, Kansas–Legal Dept., Kansas City, KS, for City of Kansas City, Kansas.

Timothy P. Orrick, Parkinson, Foth & Reynolds, Lenexa, KS, for Michael Johnston.

Richard W. Miller, Stephen R. Miller, Frederick J. Ernst, Miller Law Firm, P.C., Kansas City, MO, for Edward Kraemer & Sons, Inc., in No. 94–CV–2230.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This matter is before the court on the Motion to Dismiss or in the Alternative for Consolidation of Edward Kraemer & Sons, Inc. (Doc. 2, Case No. 94–2230–GTV). A hearing on the motion was held on January 23, 1995, and the court orally advised counsel of its ruling on the motion. The court also ruled on the following two motions in Case Number 94–2215–GTV: the motion of the City of Kansas City, Kansas to join Michael Johnston in his capacity as the Secretary of the Kansas Department of Transportation (Doc. 12, Case No. 94–2215–GTV), and the motion of the City of Kansas City, Kansas for leave to file its answer out of time (Doc. 13, Case No. 94–2215–GTV). The court now issues this written memorandum and order to memorialize the rulings made at the hearing.

In its motion to dismiss Edward Kraemer & Sons, Inc. (Kraemer) argues that dismissal is appropriate because KDOT cannot maintain a breach of contract action because it is not the real party in interest. Kraemer also argues that Count II of the complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim because Kansas precludes actions for implied indemnity for economic damages caused by breach of contract. In the alternative, Kraemer requests consolidation with *Edward Kraemer & Sons, Inc. v. The City of Kansas City, Kansas,* 874 F.Supp. 332 (D.Kan.1995). For the reasons set forth below, the motion to dismiss is granted in part and denied in part, and the motion to consolidate is granted.

## I. Background

On May 31, 1994, Kraemer filed its complaint in Case No. 94–2215–GTV, which names the City of Kansas City, Kansas (the City) as defendant in the action and seeks a declaratory judgment and damages for breach of contract. On June 9, 1994, Michael Johnston, as the Secretary of the Kansas Department of Transportation (KDOT), filed his complaint in Case No. 94–2230–GTV seeking damages from Kraemer. As discussed below, the court now orders consolidation of the cases and realignment of the parties. A review of the facts underlying the cases is helpful in understanding the issues confronting the court in resolving the above motions.

Kraemer was one of the contractors hired by the City and KDOT to construct a part of Interstate 670 (I–670). The construction of I–670 involved numerous governmental entities and contractors. The highway connects Interstate 70 at approximately 10th Street in Kansas City, Kansas and Interstate 35 in Kansas City, Missouri. I–670 is a divided section of interstate highway which is largely elevated to span the Central Industrial District in Kansas City, Kansas, the Kansas River, and the West Bottoms Industrial District in Kansas City, Missouri.

KDOT is authorized under several Kansas statutes to enter into agreements with various governmental entities and contractors to build, construct and maintain highways and to administer federal funding made available for highway construction. *See* K.S.A. §§ 75–5004, 75–5023, 75–5024. KDOT was responsible for administering the construction of the part of I–670 located in Kansas. KDOT entered into an agreement with the City to administer the federal funding that the City received for the construction of I–670.

The construction of the bridge piers and the superstructure was divided into a number of separate construction contracts. Kraemer was hired to construct the bridge

piers for the portion of I–670 that would span I–70 and 7th Street in Kansas City, Kansas.

Both of the cases filed involve disputes arising from the contract for construction of the I–670 bridge piers. In Case No. 94–2215–GTV, Kraemer seeks at Count I a declaration that KDOT cannot sue Kraemer on its own behalf and that the City is barred from filing suit against Kraemer by the statute of limitations. At Count II, Kraemer seeks damages from the City for additional costs and expenses in completing the contract and refund of wrongly assessed liquidated damages.

KDOT alleges in the complaint in Case No. 94–2230–GTV that Kraemer failed to undertake, execute and complete the work with a reasonable degree of skill, quality and workmanship in conformity with the contract plans and specifications. Complaint ¶ 27. KDOT alleges that such failure directly and proximately caused substantial delays in completion of the bridge pier project. As a result of these delays, the commencement of Lunda Construction Company's (Lunda) superstructure project was delayed. Complaint ¶ 28. Lunda submitted a delay claim to KDOT seeking $1,231,122.54. Complaint ¶ 29. KDOT and Lunda entered a settlement and compromise of the claim under which KDOT agreed to pay Lunda $450,500.00.

KDOT seeks to recover from Kraemer the $450,500.00 paid to Lunda in this action. KDOT's claims are set forth in three counts. Count I alleges a contract right of indemnification from Kraemer in the amount of the settlement paid to Lunda. Count II alleges a common law right of implied or equitable indemnification. Count III alleges breach of contract.

## II. Discussion

### A. Motion to Dismiss

■ In ruling on a motion to dismiss, the court must assume the truth of all well-pleaded facts in plaintiff's complaint and view them in the light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be indulged in favor of plaintiff, *Swanson,* 750 F.2d at 813, and the pleadings must be liberally construed. *Gas–A–Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir. 1973); Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977). While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

### (1) Real Party in Interest

■ Kraemer argues in its motion that Case No. 94–2230–GTV should be dismissed because KDOT was acting as the agent of the City when it let, awarded and administered the construction project described above.

Kraemer asserts that an agent signing a contract for a disclosed principal is not a party to the contract and therefore cannot enforce the contract. *See* 3 Am.Jur.2d Agency § 346 (1986). Kraemer argues that if KDOT possesses no enforceable contract rights, then under Fed.R.Civ.P. 17(a), KDOT is not the "real party in interest" and cannot

maintain these claims. Rule 17(a) states that:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; *and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*

KDOT argues that while the general rule holds that the disclosed principal rather than the agent may enforce contract rights, there are exceptions that apply in the present case. For instance, if the agent has a beneficial interest then he can bring suit in his own name. 3 Am.Jur.2d Agency § 346. The real party in interest is one who has a "real, actual, material or substantial interest in the subject matter of the action." 59 Am.Jur.2d Parties § 36. The general rule that only a party to the contract can enforce the contract has been modified by the real party in interest statutes and rules. 59 Am.Jur.2d Parties § 28. One of the purposes of this modification is to relax the strict common law rules "to enable those who are directly interested but not parties to the contract to maintain an action for its breach." *Id.*

KDOT argues that the relationship between the City of Kansas City and itself fits the traditional concepts of principal and agent in name only. The City's only involvement in the construction of I–670 was to act as a recipient of federal funding. The City had no funding responsibility other than to turn over the federal funds to KDOT for administration. Additionally, the City had no rights of supervision or control over the construction project. Lunda presented its delay claim to KDOT and the settlement was paid for with KDOT funds.

KDOT argues that it has established in the complaint in Case No. 94–2230–GTV that its role in the project was more than a traditional agent. KDOT asserts that it was a party promisee to the contract because it was to pay for the work with its funds and with

federal funds, and it had a real, actual, material and substantial interest in the contract.

The court concludes that KDOT has sufficient standing to bring the claims asserted in Case No. 94–2230–GTV. Although KDOT let, awarded and administered the construction contract as an nominal agent of the City of Kansas City, it acted as more than a traditional agent. KDOT administered the funds and had sole authority to supervise the construction of the project.

Additionally, consolidation of Case No. 94–2230–GTV with 94–2215–GTV will solve the real party in interest problem. Consolidation will bring together Kraemer, KDOT and the City into one action thereby avoiding the possible problem of a subsequent action by a party actually entitled to recover and insuring that any judgment will have its proper effect as res judicata regarding the issues litigated. *See* Fed.R.Civ.P. 17(a) advisory committee's notes 1966 Amendment.

### (2) Implied Indemnity

■ Kraemer next asserts that Count II of KDOT's complaint in Case No. 94–2230–GTV should be dismissed because a claim of implied contractual indemnity does not exist under Kansas law. The Kansas Supreme Court has set forth the law regarding claims of indemnity as follows:

> There are two traditional situations in which claims of indemnity are allowed. The first occurs where there is an expressed contract of indemnity, such as a "hold harmless" agreement. The second occurs where a contract of indemnity may be implied when one is compelled to pay what another party ought to pay. The implied or constructive liability usually arises when one personally, without fault, is made to pay for a tortious act of another. The person paying has a right of action against the person at fault.

*Haysville U.S.D. No. 261 v. GAF Corp.,* 233 Kan. 635, 642, 666 P.2d 192, 199 (1983). At Count I, KDOT alleges an express indemnification agreement was set forth in the contract. In the alternative, KDOT alleges at Count II that a contract for indemnification should be implied because KDOT had to pay

Lunda's valid delay claim. KDOT alleges that Kraemer was exclusively responsible for the causes of Lunda's delay claim. KDOT seeks recovery from Kraemer in a theory of implied indemnity based on Kraemer's negligence and failure to timely complete the project with a reasonable degree of skill, quality and workmanship in conformity with the contract.

■ Kraemer argues that implied indemnity only arises when one party without fault is compelled to pay for the tortious acts of another who should have rightfully paid the damages. Kraemer argues that the *Haysville* court held that implied indemnity claims do not apply to economic damages for breach of contract.

The court in *Haysville* disapproved of GAF's attempt to apply comparative negligence and implied comparative indemnity principles to breach of contract claims. The opinion indicates that the theory of implied indemnity is best restricted to tort actions. "Kansas law appears to limit implied indemnity to tort actions." *Nature's Share, Inc. v. Kutter Products, Inc.,* 752 F.Supp. 371, 387 (D.Kan.1990); *see also Facilities Development Corp. v. Miletta,* 180 A.D.2d 97, 584 N.Y.S.2d 491, 495–96 (1992) (The court disapproved of the plaintiff's attempt to assert an implied indemnity theory of recovery in the context of a contractual breach. "[T]he damages sought by plaintiff are for purely economic loss, and, in the absence of any evidence that [defendant] breached a legal duty independent of its contractual obligations, the exclusive basis for [defendant's] liability for plaintiff's damages is breach of contract.").

The court grants the motion to dismiss Count II of the complaint which asserts a cause of action for implied indemnity. The court finds that in the context of this suit, KDOT cannot state a claim for implied indemnity under Kansas law. The count is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## B. Consolidation

■ Kraemer urges in its motion that the court consolidate Case No. 94–2215–GTV with Case No. 94–2230–GTV. Both cases involve the same underlying facts and arise out of the same contract for the construction of the I–670 bridge piers.

Under Fed.R.Civ.P. 42(a), when actions involving a common question of law or fact are pending before the court, it may order the actions consolidated. The determination of a motion to consolidate is discretionary. *Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir.1978); *Gillette Motor Transport v. Northern Oklahoma Butane Co.,* 179 F.2d 711, 712 (10th Cir.1950).

The court concludes that Case No. 94–2215–GTV should be consolidated with Case No. 94–2230–GTV. The cases shall proceed as captioned at the beginning of this memorandum and order. The court orders Michael Johnston in his capacity as the Secretary of the Kansas Department of Transportation (KDOT) to be added to Case Number 94–2215–GTV as a defendant and a counterclaimant. KDOT's claims in the complaint filed in 94–2230–GTV shall be filed as KDOT's counterclaims against Kraemer in the now consolidated action in Case No. 94–2215–GTV.

At the hearing, the parties informed the court of a forthcoming summary judgment motion by Kraemer that impacts the extent of discovery necessary in the consolidated action. The summary judgment motion will present to the court the issue of whether KDOT can seek actual damages from Kraemer when liquidated damages were previously assessed. The court set a schedule for the filing of the motion and ordered Kraemer to file the motion on or before February 10, 1995.

IT IS, THEREFORE, BY THE COURT ORDERED Kraemer's Motion to Dismiss (Doc. 2, Case No. 94–2230–GTV) is granted in part and denied in part. The court grants the motion to dismiss the implied indemnity claim asserted at Count II, but denies the motion to dismiss which asserts that KDOT is not the real party in interest.

IT IS FURTHER ORDERED that Kraemer's Motion for Consolidation (Doc. 2, Case No. 94–2230–GTV) is granted.

IT IS FURTHER ORDERED that the motion of the City of Kansas City, Kansas to join Michael Johnston in his capacity as the

Secretary of the Kansas Department of Transportation (Doc. 12, Case No. 94–2215) is denied as moot.

IT IS FURTHER ORDERED that the motion of the City of Kansas City, Kansas for leave to file its answer out of time (Doc. 13, Case No. 94–2215) is granted. The City has 10 days to file its answer.

IT IS FURTHER ORDERED that Kraemer shall file its motion for summary judgment on or before February 10, 1995.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**