■ LAND, AIR, WATER ENVIRONMENTAL SERVICES, INC., Plaintiff, v BRITELITE ELECTRIC, PLUMBING & HEATING, INC., Appellant, RIVERHEAD CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendant. (And a Third-Party Action.) [675 NYS2d 303] —In an action, *inter alia,* to foreclose a mechanic's lien, the defendant Britelite Electric, Plumbing & Heating, Inc., appeals from (1) so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated January 29, 1997, as granted that branch of the motion of the defendant Riverhead Central School District which was to dismiss the first and third cross claims of Britelite Electric, Plumbing & Heating, Inc., against it, and (2) an order of the same court dated March 5, 1997, which, upon reargument, dismissed the second cross claim.

Ordered that the order dated January 29, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 5, 1997, is affirmed; and it is further,

Ordered that the defendant Riverhead Central School District is awarded one bill of costs.

The Supreme Court properly dismissed the first and third cross claims asserted by the defendant Britelite Electric, Plumbing & Heating, Inc. (hereinafter Britelite), against the defendant Riverhead Central School District, since Britelite

failed to serve the requisite notice of claim (*see,* Education Law § 3813 [1], [2-a]). The third cross claim, alleging breach of the contract between Britelite and the school district, was barred on the further ground that it was untimely, having been asserted more than three years after the claim accrued (*see,* Education Law § 3813 [1], [2-b]). The second cross claim, seeking indemnity or contribution from the school district, failed to state a cause of action. The complaint and cross claims seek damages for economic loss resulting from an alleged breach of contract, and present no issue of tort liability. Therefore, a claim for contribution or indemnity is legally untenable (*see,* CPLR 1401; *Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21; *Wecker v Quaderer,* 237 AD2d 512; *Politte v Sherman,* 168 AD2d 761; *Dormitory Auth. v Scott,* 160 AD2d 179).

Britelite's remaining contentions are without merit. Miller, J. P., Altman, McGinity and Luciano, JJ., concur.