Orders, Supreme Court, New York County (Milton A. Tingling, J), entered July 28, 2008, which granted, respectively, third-party defendant Joel C. Glanstein’s motion to dismiss the third-party complaint as against him and, to the extent appealed from as limited by the brief, third-party defendant Local 522 International Brotherhood of Teamsters’ motion to dismiss the third-party claim for contribution as against it, and order, same *515 court and Justice, entered December 15, 2008, which, inter alia, denied third-party plaintiff’s motion for leave to amend the third-party complaint, unanimously affirmed, with costs. Appeal from the December 15, 2008 order, insofar as it granted third-party plaintiffs motion for reargument of the motions to dismiss and, upon reargument, adhered to the determinations on the original motions, unanimously dismissed, without costs, as academic.
In the. first-party action, plaintiff, the insurer of certain employee benefit funds established by Local 522, alleges causes of action for professional malpractice and breach of contract against defendant third-party plaintiff accountants Levine, Levine & Meyrowitz (LL&M), arising out of an alleged auditing blunder that resulted in the funds’ issuing improper reimbursement payments to Local 522. As plaintiff seeks to recover against LL&M for actions and omissions explicitly covered in the scope of LL&M’s retainer agreement with the funds, and indeed both causes of action seek the same measure of damages, i.e., a sum representing the economic loss that the funds sustained as a result of the accountants’ improper approval of expenditures to Local 522 for expenses the funds did not incur, LL&M may not seek contribution against Local 522 and Glanstein, the attorney retained by Local 522 and the funds, whether the causes of action are labeled breach of contract or malpractice (Children’s Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 323-324 [2009]; Dormitory Auth. of State of N.Y. v Michael Baker Jr. of N.Y., 178 AD2d 249 [1991], lv dismissed 80 NY2d 826 [1992]). Leave to amend the third-party complaint was also properly denied because the proposed amended pleading sets forth a similarly precluded claim for contribution. Leave to amend a pleading is properly denied where a proposed amendment is devoid of merit and legally insufficient (Heller v Louis Provenzano, Inc., 303 AD2d 20, 25 [2003]).
We have considered LL&M’s remaining arguments and find them without merit. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ. [See 2008 NY Slip Op 32101(U).]