*950 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, plaintiff’s motion to strike the tenth defense (Statute of Limitations), denied, and defendant’s motion to dismiss the action as time barred under the six-year Statute of Limitations (CPLR 213, subd 2), granted.
This action arises out of the construction of an ice skating rink at Clove Lake Park, Staten Island, New York. The provisions of article 53[1] of the construction contract prescribed a supplemental period of limitation for assertions of claims against the city. Nothing in the record suggests that the provisions of that article were intended by the contracting parties wholly to supplant the Statute of Limitations prescribed in the CPLR, if indeed the parties were free to do so (Kassner & Co. v City of New York, 46 NY2d 544). Accordingly, the six-year period of limitations prescribed in CPLR 213 (subd 2) is applicable.
In arguing as to the date of accrual of the causes of action alleged in the complaint plaintiff points to certain language lifted out of article 42 of the contract (entitled “Final Payment”): “[T]he certification of the Engineer [on the final payment voucher] and the approval of the Commissioner thereof, shall be a condition precedent to the right of the Contractor to receive any money thereunder.” (Emphasis is that of plaintiff contractor.) This provision is explicitly made applicable, however, only to the right to receive payment under the final voucher; it has no relation to the institution of actions for breach of obligations other than the obligation to make payment under that voucher. The present action for damages for the cost of additional work occasioned by but not included in change orders, for extra *951 work performed, and for delay damages is grounded in allegations of liability of the city arising out of the contract but apart from its obligations under the payment provisions of the contract. It is not based on any asserted nonperformance of payment mandated by the final voucher or on any insufficiency in the amount of the final voucher which was not certified until September, 1979, some 20 months after the present action was commenced.
The Statute of Limitations prescribed in CPLR 213 (subd 2) began to run on completion of the actual physical work even though incidental matters relating to the project remained open (State of New York v Lundin, 60 NY2d 987). It was alleged in the city’s moving papers, with documentation, that the project was substantially completed on September 28, 1971. Supreme Court agreed. In some instances the counter proof tendered by a plaintiff might call for an immediate trial of a factual dispute as to when the cause of action alleged in the complaint accrued as prerequisite to a determination whether it was time barred (CPLR 3211, subd [c]). In the present case, however, plaintiff’s submission is insufficient to raise any material question of fact on the issue. Examination of the punch list work directed in the letter of the acting engineer dated October 13, 1971 discloses only incidental items and no proof that actual construction had not already been completed, and the affidavit of the contractor’s president relating to the subsequent preparation of the final payment voucher, cites only work on a single door frame. Accordingly, the present action, commenced on January 17,1978, was time barred.[2]

. Article 53 provided in pertinent part:
“article 53. claims and actions thereon. No claim against the City for damages for breach of contract or compensation for extra work shall be made or asserted in any action or proceeding at law or in equity, unless the Contractor shall have strictly complied with all requirements relating to the giving of notice and of information with respect to such claims all as hereinbefore provided.
“Nor shall any such action or proceeding be instituted or maintained on any such claims unless such action or proceeding be commenced within one year after the date of the filing in the office of the Comptroller of the final payment voucher pursuant to Article 42”.
This section contains no prescription with reference to the time of accrual of claims arising under the contract.

. In response to the dissent it may be noted that plaintiff’s first cause of action is not for payment of moneys to which the contractor was entitled under the terms of change orders executed by the parties, entitlement to which would, of course, be subject to audit by the city. The first cause of action rather seeks to recover damages, over and above the amounts fixed in change orders executed by the parties, allegedly sustained in consequence of additional work occasioned by the change orders. Accordingly, this cause of action, too, accrued on completion of the physical work.