■ RICHARD LEWIS et al., Respondents-Appellants, v DONALD E. AXINN et al., Appellants-Respondents, et al., Defendant. — In an action to recover damages for breach of contract, negligence and fraud, Donald E. Axinn and Donald E. Axinn, Inc. (hereinafter the defendants Axinn) appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated August 12, 1983, as denied those branches of their motion which sought summary judgment dismissing plaintiffs' first and second causes of

action, and plaintiffs cross-appeal, as limited by their brief, from so much of the order as granted that branch of the defendants Axinn's motion which sought summary judgment dismissing the third cause of action. ¶ Order reversed, insofar as appealed from by the defendants Axinn, on the law, and those branches of their motion which sought dismissal of plaintiffs' first and second causes of action granted. ¶ Order affirmed, insofar as appealed from by plaintiffs. ¶ Defendants Axinn are awarded one bill of costs. ¶ Plaintiffs' causes of action against the defendants Axinn arise from the alleged negligent construction of a building. The defendants Axinn completed construction of the building in 1968 pursuant to a contract between them and plaintiffs' assignor, 595 South Broadway Corp. Sometime in 1981, plaintiffs first discovered that the brickface of the building had pulled away from the underlying cement wall, causing damage. They commenced this action seeking property damage, alleging negligent construction and fraud. ¶ Plaintiffs' causes of action in negligence and breach of contract are barred by the Statute of Limitations. The general rule in construction contract cases involving an owner's claims against an architect arising out of alleged defective construction of buildings, whether verbally classified as negligence or breach of contract, is that such claims "accrue for purposes of all Statutes of Limitations on completion of construction" (*Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 394; see *Phillips Constr. Co. v City of New York*, 61 NY2d 949). Completion of construction is also the accrual date for an owner's claims of defective construction against a general contractor (see *State of New York v Lundin*, 91 AD2d 343, 346, affd 60 NY2d 987; *Excelsior 57th Corp. v 303 Assoc.*, NYLJ, Sept. 7, 1978, p 6, col 2, affd 73 AD2d 849, mot for lv to app den 49 NY2d 705). ¶ Plaintiffs' claim of fraud amounts to no more than an allegation that the defendants Axinn intentionally failed to fully perform in accordance with the contract specifications and good trade practice. The alleged fraud was not "extraneous to the contract", and "does not change the nature of the action * * * from an action upon contract to an action upon fraud" (*Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264). The genesis of plaintiffs' claim is that they were injured by defective construction. They cannot, by adding an allegation of *scienter*, invoke the later accrual date of a cause of action sounding in fraud (see *New York Seven-Up Bottling Co. v Dow Chem. Co.*, 96 AD2d 1051, 1053). Accordingly, all causes of action against the defendants Axinn should have been dismissed. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.