(October 28, 1985)

■ COUNTY OF NASSAU, Respondent, v H. SAND & CO., INC.,

Appellant.—In an action to recover damages for breach of a construction contract, defendant H. Sand & Co., Inc. appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), entered October 10, 1984, which denied its motion for summary judgment dismissing the complaint as barred by the Statute of Limitations.

Order reversed, with costs, and matter remitted to the Supreme Court, Nassau County, for an immediate trial pursuant to CPLR 3212 (c) to ascertain the accrual date of plaintiff's cause of action, and for a new determination of defendant's motion.

Defendant constructed heating, ventilating, and air-conditioning systems in plaintiff's utilities plant. Most of the work was admittedly completed prior to December 4, 1973, six years before the action was commenced on December 4, 1979. However, it is· asserted that certain physical work under the contract remained incomplete on December 4, 1973. Since it is the completion of "actual physical work" on a construction contract that sets the Statute of Limitations running *(Cabrini Med. Center v Desina,* 64 NY2d 1059, 1061; *Phillips Constr. Co. v City of New York,* 61 NY2d 949; *State of New York v Lundin,* 60 NY2d 987), a trial should have been ordered pursuant to CPLR 3212 (c) to determine the date actual physical work under the parties' contract was completed.

It cannot be determined as a matter of law based upon this record that physical construction was completed prior to December 4, 1973. Therefore, the matter is remitted to the Supreme Court, Nassau County, for an immediate trial pursuant to CPLR 3212 (c) on that issue. O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.