OPINION OF THE COURT
Pasquale Bifulco, J.
The defendant, through its attorney, makes this motion to dismiss based on the ground that this case is barred by the Statute of Limitations as it applies to contracts.
The facts of the case are substantially undisputed. The plaintiffs contracted with defendant to build a new one-family *998 house located at 347 Klondike Avenue, Staten Island, New York 10314 on or about November 10, 1981. Title closed on April 21, 1982. Plaintiff alleges continuously leaking roof practically from the date of closing. The plaintiffs commenced the above action on August 1, 1988 over six years since the closing of title. It is the defendant’s contention that since the Statute of Limitations on contracts is six years, the plaintiffs are now time barred and therefore the above case should be dismissed. (CPLR 213.) The defendant relies on Caceci v Di Canio Constr. Corp. (72 NY2d 52 [June 30, 1988]) and Phillips Constr. Co. v City of New York (61 NY2d 949 [Feb. 14, 1984]).
For the following reasons this court rejects defendant’s reasoning and denies his motion. In the Court of Appeals landmark decision of Caceci v Di Canio Constr. Corp. (supra) the court established an implied housing merchant warranty for the sale of a newly constructed home. This implied warranty imposes by legal implication a contractual liability on the home builder to construct the house contracted for in a skillful and workmanlike manner free from material defects.
The issue now arising is, is there a Statute of Limitations for this implied warranty, and if so, how long is it? The defendant’s counsel correctly states that in Caceci (supra) the action was commenced within six years of the closing of title. However, he failed to recognize that Caceci was not upheld on the breach of contract theory, in fact that theory was specifically rejected. The Court of Appeals relied solely on the implied housing merchant warranty. This court notices that UCC 2-314 and 2-315 were specifically cited in Caceci (supra, at 57). The Statute of Limitations for implied warranties under the UCC is four years. (UCC 2-725.)
This court therefore assumes that the Statute of Limitations for the implied housing merchant warranty is more than four years and it is this court’s profound belief the warranty is for a period equal to what a reasonable expectation would be that a house constructed in a workmanlike manner would be free of material defects. This court therefore finds that the Statute of Limitations for a defective roof is over six years as one could reasonably expect that a well-made roof should last over six years. The court is aware of Laws of 1988 (ch 709) (Senate bill 5395-A) which amends the General Business Law and the CPLR to create an implied warranty for the sale of a new home and to establish a six-year Statute of Limitations for *999 breach of such warranty, however, that law does not become effective until March 1, 1989 and is not applicable to contracts of sale for new homes entered into before the effective date.
Accordingly, defendant’s motion to dismiss is denied. Clerk to notify both sides of a new trial date on the merits of plaintiff’s alleged cause of action.