■ SUFFOLK COUNTY WATER AUTHORITY, Respondent, v

J. D. POSILLICO, INC., Appellant.—In an action to recover damages for injury to the plaintiff's water mains and facilities allegedly caused by the defendant's breach of contract, negligence, trespass, and violation of General Business Law article 36, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Saladino, J.), dated May 14, 1987, as, *inter alia,* denied its motion for partial summary judgment based on the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant is a contractor which allegedly installed sewers beneath the plaintiff's in-ground water mains pursuant to contracts with Suffolk County which is not a party to this action. During and subsequent to the defendant's work, hundreds of water main breaks occurred in areas excavated and backfilled by the defendant. On November 21, 1985, the plaintiff began this action to recover damages in connection with the water main breaks, based, *inter alia,* on the defendant's alleged failure to protect and provide adequate support for the water mains. The plaintiff claims that it is a third-party beneficiary of the contract and its complaint seeks recovery on theories of breach of contract, negligence, trespass and violation of General Business Law article 36. The defendant moved to dismiss the plaintiff's claims on the ground that they were barred by the Statute of Limitations (CPLR 214 [4]; 213 [2]).

The plaintiff's status as a third-party beneficiary of the contract has not yet been determined and is not properly before us on this appeal. Therefore, it cannot be said whether the plaintiff's causes of action have their genesis in contract. Accordingly, we cannot determine on this record whether the period of limitations with respect to the plaintiff's claims is the six-year period applicable to claims having their genesis in the contract or some shorter limitation period *(see, Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 394; *Lewis v Axinn,* 100 AD2d 617; *Baratta v Kozlowski,* 94 AD2d 454). Furthermore, the period of limitation with respect to a cause of action for breach of a construction contract begins to run upon completion of construction *(see, Phillips Constr. Co. v City of New York,* 61 NY2d 949; *State of New York v Lundin,* 60 NY2d 987). However, the defendant has not submitted the construction contract or any other evidence to show when it completed the "actual physical work" on the contract *(see, Cabrini Med. Center v Desina,* 64 NY2d 1059; *Phillips Constr. Co. v City of New York,* 61 NY2d 949, *supra; State of New York v Lundin,* 60 NY2d 987, *supra).* Accordingly, we conclude

that the defendant has not shown that it is entitled to judgment as a matter of law and, therefore, its motion for summary judgment was properly denied *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). We note, however, that the trial court was incorrect insofar as it indicated that any of the plaintiff's claims accrued when the injury was discovered. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.