■ ROBINSON REDEVELOPMENT COMPANY, Plaintiff, v TIMOTHY ANDERSON et al., Defendants and Third-Party Plaintiffs-Respondents. DAVID BERG & ASSOCIATES et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant.—Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered August 8, 1988 in Albany County, which, *inter alia,* denied certain third-party defendants' motions for summary judgment dismissing the third-party complaint against them.

The issue before us is whether Supreme Court properly determined that plaintiff's complaint states a viable cause of action for professional malpractice against defendants where plaintiff and defendant Anderson-Notter Associates, Inc. (hereinafter Anderson-Notter) entered into a written contract for rehabilitation of a project and plaintiff seeks recovery solely for economic losses.

Plaintiff engaged Anderson-Notter to provide architectural, engineering and consulting services in connection with a rehabilitation project in the City of Albany known as the Robinson Square Rehabilitation Project (hereinafter the project). Pursuant to the contract, Anderson-Notter hired third-party defendants David Berg & Associates (hereinafter Berg) to act as structural engineer, Environmental Design (hereinafter Design) to act as mechanical engineer and Mason & Fry, Inc. (hereinafter M & F) to act as landscape architect. Third-party defendant Robert C. Kurzon was engaged to act as supervising architect on the project. Third-party defendant MHB Construction Company, Inc. (hereinafter MHB) was the general contractor. The contract with MHB called for a completion date of August 31, 1978.

Plaintiff sued Anderson-Notter and defendant Timothy Anderson, one of its officers and directors, alleging two causes of action. The first cause of action was for breach of contract and/or breach of warranty and sought $1,070,599 in damages. The damages claimed were for increased costs and extra work not contemplated in the contract with MHB as well as changes plaintiff was required to make for work done improperly in accordance with deficient contract documents. Plaintiff also sought recovery for additional interest payments it made and for the cost of extended premiums for required construction bonds it was forced to pay, as well as the costs of litigation in a suit commenced by MHB against plaintiff. The second cause of action was for professional malpractice. The same amount of damages was sought. The nature of the loss was not otherwise elucidated.

Thereafter, defendants interposed third-party claims for contribution and indemnification against, among others, Berg, Design, M & F and Kurzon (hereinafter collectively referred to as third-party defendants). Third-party defendants then moved for summary judgment dismissing the third-party complaint. Supreme Court denied dismissal as to third-party defendants, holding that plaintiff's claim against defendants was not a pure breach of contract claim but constituted a professional malpractice claim, and determined that under CPLR 1401 the contribution claims were viable.*

On this appeal third-party defendants argue that the gravamen of plaintiff's complaint is breach of contract and not one for professional malpractice and thus defendants are precluded from obtaining contribution under CPLR 1401. They urge that the tort claim is not viable because there is no legal duty independent of the contract itself owing from defendants to plaintiff, and that plaintiff has failed to allege any injuries cognizable in tort but, rather, seeks damages for purely economic losses, not recoverable in a negligence action. Defendants, on the other hand, argue that negligent performance of contractual services can give rise to a cause of action in contract or tort and that the architect-client relationship constituted an independent legal duty owing from defendants to plaintiff, the breach of which can form the basis for a viable tort claim.

We find that the order of Supreme Court should be affirmed. The general rule is that a "breach of contract does not give

---

* MHB had also moved for summary judgment dismissing the complaint against it. That motion was granted.

rise to a tort action * * * in the absence of special additional allegations of wrongdoing" (*Wegman v Dairylea Coop.*, 50 AD2d 108, 112, *appeal dismissed* 38 NY2d 918). Here it is contended that a legal duty independent of the contract has been violated. For the complaint to survive, this legal duty must spring from circumstances extraneous to, and not constituting elements of the contract, although it may be connected with and dependent on the contract (*see, Clark-Fitzpatrick v Long Is. R. R. Co.*, 70 NY2d 382, 389). The complaint in this action and bill of particulars sufficiently set out a cause of action in malpractice for which third-party defendants may be responsible in contribution to defendants. It is alleged that the architectural duties of defendants were performed in a manner falling below the accepted standard of care in the profession. Defendants' duty of care to plaintiff sprang from the professional relationship Anderson-Notter had with plaintiff and was extraneous to the contract, although connected thereto and dependent on it.

Third-party defendants urge that satisfying the independent duty rule is not the only prerequisite to maintaining a tort cause of action, but also that the damages must be of a type traditionally remediable in tort and not for economic loss as is sought here. We disagree. Most malpractice claims against professionals "regularly arise out of a contractual relationship and involve injury to property or pecuniary interests only" (*Video Corp. v Flatto Assocs.*, 85 AD2d 448, 451-452, *mod on other grounds* 58 NY2d 1026). To hold otherwise would eliminate the availability of malpractice claims against professionals such as architects where the damages are essentially pecuniary in nature. We conclude that the contractual and professional relationship of plaintiff and defendants gave rise to two distinct wrongs, one contractual and the other grounded in professional malpractice, recoverable at law. Supreme Court, therefore, properly denied third-party defendants' motion to dismiss the third-party claim for contribution.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.