■ CITY OF GLENS FALLS, Respondent-Appellant, v CRANDELL ASSOCIATES ARCHITECTS et al., Appellants, and CAMPITO PLUMBING AND HEATING, INC., Appellant-Respondent, and CLEAVER BROOKS DIVISION OF AQUA-CHEM, INC., et al., Respondents.—Mikoll, J. (1) Cross appeals from an order of the Supreme Court (Dier, J.), entered November 3, 1989 in Warren County, which (a) granted a motion for summary judgment by defendants Cleaver Brooks Division of Aqua-Chem, Inc. and J. W. Stevens Company, Inc. dismissing the complaint against them and (b) partially granted a motion for summary judgment by defendant Campito Plumbing and Heating, Inc., and (2) appeals from an order of said court, entered December 18, 1989 in Warren County, which granted a motion by defendants Cleaver Brooks Division of Aqua-Chem, Inc. and J. W. Stevens Company, Inc. for resettlement of the prior order.

The questions presented on these appeals are whether Supreme Court properly ruled that plaintiff's breach of contract claim against defendant Campito Plumbing and Heating, Inc. was timely commenced and whether Supreme Court correctly

dismissed the various claims of defendants for contribution and/or indemnification. Supreme Court erroneously held that plaintiff's breach of contract claim against Campito was timely, but properly dismissed the various claims of defendants for contribution and/or indemnification.

Plaintiff commenced this negligence and/or breach of contract action on January 21, 1985 seeking money damages against defendants arising out of the failure of performance of a boiler purchased by plaintiff and installed in the Glens Falls Civic Center. The boiler was manufactured by defendant Cleaver Brooks Division of Aqua-Chem, Inc. and purchased through defendant J. W. Stevens Company, Inc., acting as Cleaver Brooks' sales agent. Campito had contracted with plaintiff to provide the heating, ventilation and air conditioning for the Civic Center pursuant to specifications established by the project architect, defendant Crandell Associates, P. C. Defendants Rist-Frost Associates and Rist-Frost Associates, P. C. (hereinafter collectively referred to as Rist-Frost) were the consulting engineers on the project. There was evidence that Campito installed the boiler on December 7, 1978 and that the boiler was put in operation on a temporary basis on that date. The boiler failed on October 7, 1981 and eventually was replaced.

Plaintiff's complaint alleged that the various defendants, either negligently or in breach of the contract and specifications related to the project, installed or allowed to be installed a boiler other than the model specified by Crandell and Rist-Frost. Cleaver Brooks and Stevens moved for summary judgment on various grounds, including the Statute of Limitations. Campito moved for summary judgment on the ground that the Statute of Limitations barred the claims asserted against it.

In an order dated November 3, 1989, Supreme Court dismissed all causes of action against Cleaver Brooks and Stevens, finding that those causes of action sounding in negligence were time barred by the three-year Statute of Limitations. Supreme Court also dismissed plaintiff's fourth cause of action for breach of warranty as time barred. The negligence claim asserted in plaintiff's fifth cause of action against Campito was dismissed as time barred; however, the breach of contract claim against Campito asserted in the sixth cause of action was found viable. By order entered December 18, 1989, resettling its order of November 3, 1989, Supreme Court dismissed all cross claims alleged against Cleaver Brooks and Stevens. These various appeals ensued.

We find that Supreme Court was in error when it concluded

that, because the consent of the surety to final payment was not issued until May 25, 1979 and work was performed by Campito during 1979 through 1982, and actual work on the project was not completed until May 1979, the sixth cause of action against Campito was not time barred. "A cause of action predicated upon defective construction accrues upon completion of 'actual physical work' on the construction contract" *(County of Nassau v Sand & Co.,* 144 AD2d 619, quoting *Cabrini Med. Center v Desina,* 64 NY2d 1059, 1061). In the case at bar, Campito states without contradiction that the boiler unit was installed and put into operation on a temporary basis on December 7, 1978. A memorandum from Lino Associates, Inc. addressed to Campito states that "[a]s of this date [referring to Dec. 7, 1978], the Owner shall accept responsibility for maintenance of the system in accordance with specification section 01500-1.04. Also on this date, the guarantee period shall begin for the following equipment: (a) Boiler".

In opposition to Campito's motion for summary judgment, plaintiff merely submitted an affidavit of an attorney claiming that the actual physical work was not completed until 1979. The affidavit, stating in conclusory form that the actual physical work was not completed until 1979, is insufficient to establish that fact. Consequently, plaintiff has failed to submit sufficient evidence in admissible form to defeat Campito's motion for summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916). Further, there is insufficient evidence in this record to overcome the evidence submitted by Campito that the unit was in operation on December 7, 1978. Inconsequential repairs thereafter and delay in issuing the final payment are not sufficient standing alone to extend the accrual date of plaintiff's cause of action *(see, Cabrini Med. Center v Desina, supra,* at 1061; *County of Nassau v Sand & Co., supra,* at 621).

Crandell, Rist-Frost and Campito, relying on this court's decision in *Robinson Redevelopment Co. v Anderson* (155 AD2d 755), argue that because plaintiff asserted negligence claims against each of them, contribution is allowable under CPLR 1401. This contention is, however, without merit. Where the potential liability between two parties to a third party is for economic loss resulting solely from a breach of contract, CPLR 1401 does not allow contribution between the two parties *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 24, 28). The negligence claim against Campito has been dismissed. As to Crandell and Rist-Frost, the negligence

alleged against them does not show that the legal duty alleg-edly breached is independent of and separate from their contractual obligations *(compare, Robinson Redevelopment Co. v Anderson, supra,* at 757).

Finally, Campito's assertion, that because it subcontracted for the purchase of the boiler with Cleaver Brooks it, in effect, is a general contractor entitled to indemnification from Cleaver Brooks, is not persuasive. Campito, in fact, is not a general contractor with Cleaver Brooks. Moreover, because Campito is claimed to be independently liable for the loss allegedly sustained by plaintiff, a common-law indemnity claim would not lie *(see, SSDW Co. v Feldman-Misthopoulos Assocs.,* 151 AD2d 293, 296). There is no evidence of any contractual relationship between Stevens and Campito. Thus, Campito has no indemnification claim against Stevens.

Orders modified, on the law, without costs, by reversing so much thereof as denied defendant Campito Plumbing and Heating, Inc.'s motion for summary judgment as to the sixth cause of action; grant said motion to that extent and dismiss said cause of action; and, as so modified, affirmed. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.