■ 645 First Avenue Manhattan Company, Respondent, v Silhouette Drywall Systems, Inc., Appellant. [622 NYS2d 46] —Order, Supreme Court, New York County (William J. Davis, J.), entered February 7, 1994 granting petitioner's application

for a stay of arbitration with respect to damages from work performed prior to September 8, 1987, unanimously reversed, on the law, with costs and disbursements, and the application denied. Appeal from the order of the same court and Justice, entered August 9, 1994, which, *inter alia,* granted petitioner's cross-motion to stay arbitration as to all matters pending determination of the appeal from the aforesaid order, entered February 7, 1994, dismissed as academic.

Respondent, a construction contractor, contracted with petitioner, the owner, to provide the carpentry and drywall work for a price of $6,670,000 with respect to the construction of a 55-story apartment/mixed use structure at 645 First Avenue in Manhattan. The contract contained a broad arbitration clause. Respondent commenced work on the project in June 1986 and continued until 1990, during which time numerous disputes arose. On September 2, 1993, respondent mailed a demand for arbitration, seeking damages in excess of $1.8 million. Petitioner received the demand on September 8, 1993. Petitioner sought a stay, contending that the arbitration was based on disputes occurring more than six years before the date it received respondent's arbitration demand, and was therefore "barred in whole or in part" by the applicable six year statute of limitations (CPLR 213; *see also,* CPLR 7502 [b]). In response to the stay application, respondent submitted hundreds of pages of documentation conclusively demonstrating that as of September 30, 1987 it had yet to perform 39% of its contract work, representing more than $2.6 million, and at least $2 million in extra work. Between September 4, 1987 and December 30, 1988, it had, on any given week, from 16 to 96 employees working on the project and during most of that time it had from 60 to 90 employees on any given week.

Given this evidence, none of which was disputed, it is clear that the arbitration commenced on September 2, 1993 was well within six years of substantial completion of respondent's work on the project and petitioner's application for a stay should have been denied in all respects. Instead, the IAS Court, acknowledging the rule that in construction cases a contractor's claim accrues upon the substantial completion of its work *(Phillips Constr. Co. v City of New York,* 61 NY2d 949) and concluding that substantial completion of respondent's performance occurred on or about November 1987, stayed arbitration with respect to claims based on work performed before November 8, 1987. We reverse.

The plain meaning of the substantial completion rule is that

once a claim has been timely asserted, measured by the date of substantial completion, it is of no moment that some of the work evidencing substantial completion occurred more than six years before the date the claim was brought. The claim accrues when the construction work is substantially complete. *(See, Phillips Constr. Co. v City of New York, supra,* 61 NY2d 949.) Since the arbitration was commenced within six years of substantial completion of respondent's work on the project, it was timely and arbitration should not have been stayed. Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.