■ TOWN OF BROOKHAVEN, Respondent, v MIC PROPERTY AND CASUALTY INSURANCE CORPORATION, Appellant, et al., Defendant. [668 NYS2d 37] —In an action to recover payment under two surety bonds, the defendant MIC Property and Casualty Insurance Corporation appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated September 17, 1996, which denied its motion to dismiss the complaint insofar as asserted against it on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

We disagree with the Supreme Court's conclusion that the term of the surety bonds in question was ambiguous. Both bonds included language requiring the completion of certain public improvements within one year of their execution. The Supreme Court's interpretation that the term of the bonds was ambiguous would render this language meaningless (see, *Sunrise Mall Assocs. v Import Alley*, 211 AD2d 711). When the defendant Gracetown Homes, Inc., as principal, failed to complete the improvements within that year, the Town possessed the legal right to demand payment under the bonds and to enforce its demand in court. Thus, the action accrued and the Statute of Limitations began to run one year after the execution of the bonds (see, *Matter of Oakdale 36 Unit Corp. v Maytal Constr. Corp.*, 198 AD2d 418, 420; *State of New York v Peerless Ins. Co.*, 117 AD2d 370, 373; *State of New York v City of Binghamton*, 72 AD2d 870, 871), and the Town may not extend the Statute of Limitations by simply failing to make a demand (see, *State of New York v City of Binghamton, supra*). This action, brought more than six years after that date, is, therefore, barred by the Statute of Limitations (see, CPLR 213 [2]; *American Trading Co. v Fish*, 42 NY2d 20; *Village of Herkimer v American Sur. Co.*, 18 AD2d 94), and the appel-

lant's motion to dismiss the complaint insofar as asserted against it should have been granted. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.