■ In the Matter of Bombardier Transportation (Holdings) USA, Inc., as Successor in Interest to ABB Traction, Inc., Appellant, v Telephonics Corporation, Respondent. [788 NYS2d 80]—

Judgment, Supreme Court, New York County (James A. Yates,

J.), entered June 28, 2004, granting respondent's cross motion for summary judgment dismissing the petition for a permanent stay of arbitration, unanimously affirmed, without costs.

On the record before us, none of respondent's claims is time-barred. The first claim, for unpaid work, accrued not when the work was completed, but when petitioner notified respondent that it would not issue a certificate of completion, which was a condition precedent to payment (*see Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]). Given the facts as set forth in the unrebutted affidavit of respondent's vice-president, those claims accrued only when petitioner refused a demand for payment.

With regard to the claim for extra work to make the system Y2K compliant, the right to payment did not accrue, under the contract, until the work was invoiced. It is uncontroverted that petitioner directed respondent to hold off invoicing until it had a chance to negotiate with Southeastern Pennsylvania Transportation Authority concerning direct payment, and that invoice was issued as soon as respondent realized those negotiations had terminated.

The contract and respondent's uncontroverted affidavit make clear that the third claim, for spare parts, did not accrue until the obligation to supply those parts expired. Only then, which was well within four years of the filing of this claim, was petitioner required to return or pay for unused spare parts. Concur—Tom, J. P., Andrias, Saxe, Friedman and Gonzalez, JJ.