■ GRACE INDUSTRIES, INC., Appellant, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION et al., Respondents. [802 NYS2d 409]—

Orders, Supreme Court, New York County (Herman Cahn, J.), entered July 22, 2004 and July 23, 2004, which denied plaintiff's motion for partial summary judgment and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

With the exception of the seventh, eighth and ninth causes of action, plaintiff's claims essentially seek damages attributable to delays in the acquisition of the property necessary to conduct Phase II of the construction contract. Article 13 (h) of the contract, however, precluded claims for damages caused by such delays. The notice to bidders specifically anticipated these delays, which were thus contemplated and reasonably foreseeable. Accordingly, article 13 (h) is enforceable to bar claims based on such delays (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297 [1986]; *Buckley & Co. v City of New York*, 121 AD2d 933 [1986], *lv dismissed* 69 NY2d 742 [1987]). Although the notice to bidders stated that the acquisition of the property could take "as long as two years," and the acquisition actually took approximately 2½ years, the notice to bidders also noted that the acquisition might not take place at all. Clearly, the notice conveyed the uncertainty of the acquisition, and, accordingly, its projected time frame for the acquisition could not have been reasonably understood except as a nonbinding

estimate. In any event, these causes of action were also properly dismissed on the ground that plaintiff failed to submit an adequate verified claim, as required by article 42 of the contract.

The court properly rejected plaintiff's contention that the contract was amended to permit its assertion of claims for delay damages. The contract prohibited any modification of such magnitude without the express written consent of the City's Office of Construction, which was not received by plaintiff. The correspondence to which plaintiff cites in this connection does not evince a meeting of the minds (*cf. Chase v Skoy*, 146 AD2d 563 [1989], *appeal dismissed* 73 NY2d 995 [1989]).

The court also properly dismissed the first, seventh, ninth, tenth and thirteenth causes of action as untimely under the contract's four-month statute of limitations. The action accrued upon substantial completion of the construction (*see Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951 [1984]), not upon the completion of the Comptroller's audit, since the Comptroller's audit was not a condition precedent to payment under the contract (*see John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]). We note as well that article 53 in the instant contract, which sets the limitation period, is broader than its counterpart in *Phillips* (*supra*), and encompasses not merely payment provisions, but also the claims alleged here for delay and extra work.

Plaintiff's quantum meruit claim was properly dismissed, since there is a contract governing the disputed subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Andrias, Friedman and Sweeny, JJ.