■ DELIDAKIS CONSTRUCTION CO., INC., Appellant, v CITY OF NEW YORK, Respondent. [815 NYS2d 76]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about August 10, 2005, which dismissed the fourth and fifth causes of action on the ground that plaintiff failed to commence the action prior to the expiration of the limitations period set forth in the parties' contract, unanimously affirmed, without costs.

Plaintiff's claims arose under the agreement as well as the contract, and are time-barred in accordance with the unambiguous limitations clause in article 53 of the agreement (*see Grace Indus., Inc. v New York City Dept. of Transp.*, 22 AD3d 262 [2005], *lv denied* 6 NY3d 703 [2006]).

Plaintiff's reliance on *Perini Corp. v City of New York* (178 F3d 90 [2d Cir 1999]) is unavailing, inasmuch as the decision is not binding on a New York State court (*Matter of Mason [State Commn. on Jud. Conduct]*, 100 NY2d 56, 58 [2003]; *see also People v Kin Kan*, 78 NY2d 54, 59-60 [1991]). For substantially the same reasons stated by Supreme Court, we disagree with the conclusion in *Perini Corp.* as to the limitation period of article 53, and note that the City apparently failed to make in

*Perini Corp.* all of the arguments that it advanced below and on this appeal. To the extent there was an ambiguity, since plaintiff bidder was obligated to discover and inquire as to any claimed ambiguity prior to submission of a bid, any such claim must be construed against plaintiff, not against defendant (*see Acme Bldrs. v Facilities Dev. Corp.*, 51 NY2d 833 [1980]).

Furthermore, the existence of an unrescinded contract precluded any recovery in quantum meruit in these circumstances (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). The fourth cause of action would thus have been dismissed on this alternative ground. Concur—Buckley, P.J., Mazzarelli, Friedman, Sweeny and McGuire, JJ. [*See* 9 Misc 3d 517 (2005).]