■ Superb General Contracting Co., Respondent, v City of New York et al., Appellants, et al., Defendants. [833 NYS2d 64]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 31, 2005, which denied the municipal defendant's motion to dismiss plaintiff's second through seventh causes of action and defendant S.J. Rehab Corp.'s motion to dismiss the entire complaint on grounds of statute of limitations, reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.

In its complaint, plaintiff Superb General Contracting Co. (Superb) alleges that in July 1993 it contracted with defendant City, through the City's construction manager, defendant Amherst Rehab Associates (Amherst), to perform rehabilitation work at four residential buildings owned by the City and located in the Bronx. Thereafter, the construction work was managed by defendant S.J. Rehab Corp. (SJ Rehab) and Amherst Development Services Corporation (ADSC), a joint venture. Superb alleges that it fully performed the work required under the contract and that it completed its work on or about September 29, 1995. In September 2003, Superb filed a verified notice of claim with the City Comptroller seeking monies that it claimed were due under the contract; in March 2004 that claim was denied. On March 15, 2004, Superb commenced this action against the City, Amherst, SJ Rehab and ADSC. The first cause of action is for the balance of the contract price allegedly due and the second through seventh causes of action seek to recover additional costs incurred by Superb for which defendants allegedly are liable under the contract.

Pursuant to CPLR 213 (2), an action founded upon a contractual obligation or liability must be commenced within six years of accrual. A cause of action for breach of a construction contract accrues upon substantial completion of the work (*see Phillips Constr. Co. v City of New York*, 61 NY2d 949 [1984], citing *State of New York v Lundin*, 60 NY2d 987 [1983]). Although plaintiff commenced this action some 8½ years after the date it alleg-

edly fully performed under the contract, Supreme Court denied the motions to dismiss on statute of limitations grounds. Agreeing with Superb's position, Supreme Court ruled that the provisions of section 3.8 of the contract governed in determining when Superb's causes of action accrued and that there were questions of fact in that regard. In relevant part, that section reads as follows: "3.8 Determining Date of Completion; Liquidated Damages Upon Re-Inspection. Final inspection of the Work by the CM [Construction Manager] shall be made within five (5) Days after receipt of the Contractor's written request therefor. The Work will be deemed complete as of the date of such inspection if, upon such inspection, the CM finds that no further Work remains to be done at the Site. However, if such inspection, in the opinion of the CM, reveals items of Work still to be performed, the Contractor shall promptly perform them and then request a reinspection, which shall be made not more than five (5) Days after the date of the request therefor. If, upon any such reinspection, the CM determines that the Work is complete, the date of completion shall be deemed to be the actual date of such reinspection. Contractor agrees to pay liquidated damages to the CM in the amount of One Hundred Dollars ($100.00) for each reinspection, which liquidated damages the CM may deduct from the amount due to the Contractor pursuant hereto . . . ."

We disagree with Supreme Court's conclusion that section 3.8, rather than the date of substantial completion of the work, governs in determining when Superb's causes of action accrued. First, in the course of prescribing a method for determining the "[d]ate of [c]ompletion," section 3.8 does not state that the contractor has the right to be paid only after that date has been determined in accordance with its terms. Nor can it reasonably be construed so to provide. If section 3.8 were construed to specify the exclusive conditions under which the contractor has the right to be paid, the accrual of a cause of action for payment would be a matter within the unilateral control of one of the parties to the contract. Thus, an extraordinary advantage would be conferred upon the construction manager. Regardless of whether or when the contractor makes a written request for a final inspection, the construction manager unilaterally could prejudice if not defeat the contractor's right to payment by, for example, deferring or refusing to undertake an inspection. Such a construction of section 3.8 should be avoided if reasonably possible (see *Fleischman v Furgueson*, 223 NY 235, 241 [1918] ["A court will endeavor to give the construction most equitable to both parties instead of the construction which will give one of them an unfair and unreasonable advantage over the other"]).

Indeed, under Superb's view of section 3.8, it would follow that its causes of action have not yet accrued for the simple reason that no final inspection has taken place. That is hardly a reasonable construction of section 3.8 (*see Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170, 171 [2003] ["A contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties" (citations omitted)]). In addition, to construe section 3.8 as specifying the exclusive conditions under which the contractor has the right to be paid would not be consistent with section 9.4, which bears the heading "Final Payment," and while specifying certain of the parties' obligations in regard to final payment, neither employs the term "date of completion" nor otherwise refers to section 3.8 (*see Reda v Eastman Kodak Co.*, 233 AD2d 914, 915 [1996] [When interpreting a contract, a "reasonable effort must be made to harmonize all of its terms"]).*

Both the City and SJ Rehab argue that even if a final inspection and determination of completion pursuant to section 3.8 are conditions precedent to the accrual of any cause of action, Superb never requested a final inspection. Because "a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31 [1998] [internal quotation marks and citations omitted]), they maintain that Superb cannot use its own failure as an excuse for tolling the running of the statute of limitations. Given our conclusion that section 3.8 does not govern the accrual of causes of action under the contract, we need not address this contention. Concur—Friedman, J.P., Sullivan, Williams and McGuire, JJ.

Sweeny, J., dissents and would affirm for reasons stated by Bernard J. Fried, J.

* For the same reasons, we reject Superb's argument based on section 11.2, which prohibits any action under the contract unless it "shall be commenced within one (1) year after the date of filing in the office of the Comptroller of the final payment voucher pursuant to section 9.4." According to Superb, because the construction manager has never filed such a voucher (which failure is allegedly contrary to the requirements of section 9.4), its causes of action have yet to accrue. The provisions of section 11.2, however, which plainly are designed to shorten the period in which plaintiff can sue, cannot sensibly be read to expand that period.