■ VERIZON NEW YORK, INC., Appellant, v SPRINT PCS et al., Respondents. [841 NYS2d 529]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about December 13, 2006, which granted defendants' motion to dismiss the complaint, reversed, on the law, without costs, the motion denied and the complaint reinstated.

Inasmuch as there is no indication that plaintiff had reason to know, or should have known, that defendants would refuse to pay the contract price, its cause of action for breach of contract

accrued, for purposes of the statute of limitations, on November 10, 2000, by which date plaintiff's October 10, 2000 invoice demanded payment, and defendants failed to pay (*see John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]). Defendants' position that the cause of action accrued on April 6, 1999, the date of the contract, is unavailing because plaintiff waived the contractual requirement that prepayment be made before work would begin. The alternative argument that the cause of action accrued, at the very latest, in April 2000, when plaintiff completed its work, is also unavailing because this claim is for payment on the contract (*see Matter of Bombardier Transp. [Holdings] USA, Inc. v Telephonics Corp.*, 14 AD3d 358 [2005]), not for defective construction or consequential damages (*cf. Amedeo Hotels Ltd. Partnership v Zwicker Elec. Co.*, 291 AD2d 322 [2002]). Concur—Tom, J.P., Andrias, Sweeny and Kavanagh, JJ.

McGuire, J., dissents in a memorandum as follows: Supreme Court correctly determined that plaintiff's action is time-barred. Accordingly, I respectfully dissent.

On April 6, 1999, the parties entered into a contract pursuant to which plaintiff agreed to diversify cable routes for defendant. Under the contract, plaintiff estimated that the cost of the work would be $100,000, and defendant was to pay that amount within 60 days of the date of the contract. The contract contemplated that the work might be completed either over or under the estimate; plaintiff was to bill defendant for any additional cost over the $100,000 estimate and, if the work cost less than the estimate, refund to defendant any overpayment. While the $100,000 payment was not made by defendant within the 60-day period, the work began in July 1999 and was completed in April 2000. By an invoice dated October 10, 2000, plaintiff billed defendant $109,800 for the work and demanded payment by November 11, 2000. Defendant never paid the invoice.

On June 21, 2006, plaintiff commenced this action to recover the $109,800. In lieu of answering, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), claiming that the action was time-barred. Supreme Court granted the motion and dismissed the complaint, and this appeal ensued.

"In contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach" (*John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]; *see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399 [1993]). Where a cause of action is asserted to recover a sum of money owed pursuant to a contract, the cause of action

accrues when the plaintiff possesses a legal right to demand payment (*Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]; *see City of New York v State of New York*, 40 NY2d 659, 668 [1976]).* "[W]hen the right to final payment [under a contract] is subject to a condition, the obligation to pay arises and the cause of action accrues, only when the condition has been fulfilled" (*John J. Kassner & Co.*, 46 NY2d at 550). In the absence of a condition precedent to payment, however, the cause of action accrues "on completion of the actual physical work even though incidental matters relating to the project remained open" (*Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951 [1984]; *see Superb Gen. Contr. Co. v City of New York*, 39 AD3d 204, 204 [2007]; *Grace Indus., Inc. v New York City Dept. of Transp.*, 22 AD3d 262, 263 [2005], *lv denied* 6 NY3d 703 [2006]; *645 First Ave. Manhattan Co. v Silhouette Drywall Sys.*, 212 AD2d 394, 396 [1995]; Haig, Commercial Litigation in New York State Courts § 86:21 [4B West's NY Prac Series 2d ed] ["The six-year statute of limitations governing actions for breach of contract commenced by a contractor against an owner, and by an owner against a contractor, begins to run upon substantial completion of the actual physical work"]).

Here, there was no condition precedent to final payment under the contract. Thus, plaintiff's cause of action accrued when the work it was retained to perform was completed. According to plaintiff, the work was completed in April 2000. Since the action was not commenced until June 2006, after the six-year statute of limitations had expired (*see* CPLR 213 [2]), it is time-barred.

The majority's assertion that the cause of action accrued on November 10, 2000, the date by which plaintiff, in its October 10, 2000 invoice, demanded payment, is erroneous. As discussed above, absent a condition precedent to final payment, a cause of action for breach of contract accrues "on completion of the actual physical work" (*Phillips Constr. Co.*, 61 NY2d at 951). *John J. Kassner & Co.* (*supra*) and *Matter of Bombardier Transp. (Holdings) USA, Inc. v Telephonics Corp.* (14 AD3d 358 [2005]), cited by the majority, both involved contracts that imposed conditions precedent to payment and the plaintiffs' causes of action for breach of contract did not accrue until those conditions were fulfilled. Moreover, in concluding that plaintiff's

* I agree with the majority that plaintiff's cause of action did not accrue on the date the parties entered into the contract. While the contract called for payment by defendant of the $100,000 estimate within 60 days of the date of the contract, plaintiff waived compliance with that provision. In light of this waiver, defendant could not have breached that provision of the contract.

cause of action accrued on the date by which plaintiff, in its invoice, demanded payment, the majority permits plaintiff, through the submission of invoices, improperly to extend the statute of limitations (see Town of Brookhaven v MIC Prop. & Cas. Ins. Corp., 245 AD2d 365 [1997], lv denied 92 NY2d 806 [1998]; State of New York v City of Binghamton, 72 AD2d 870 [1979]). The majority's assertion that plaintiff's cause of action did not accrue when the work was completed "because this claim is for payment on the contract, not for defective construction or consequential damages" (citations omitted) is not supported by—and in fact is contrary to—the case law.

Accordingly, I would affirm the order.