Order, Supreme Court, New York County (Judith J. Gische, J.), entered January 10, 2011, which, to the extent appealed from as limited by the briefs, denied defendant’s motion for dismissal of the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
It is well settled that “[a] cause of action for breach of a construction contract accrues upon substantial completion of the work” (Superb Gen. Contr. Co. v City of New York, 39 AD3d 204, 204 [1st Dept 2007], lv dismissed 10 NY3d 800 [2008], citing Phillips Constr. Co. v City of New York, 61 NY2d 949 [1984]). Plaintiff commenced this action more than six years after completing its work, and therefore the claim for breach of contract is untimely and should have been dismissed (CPLR 213 [2]). Additionally, the existence of a valid and enforceable written contract between the parties covering the subject matter in dispute precludes recovery in quasi contract (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Concur — Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.