Consolidated Energy Design Inc. v. The Princeton Club of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of January, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
Consolidated Energy Design Inc.,
         Plaintiff-Appellant,

         -v.-                                    14-1119

The Princeton Club of New York,
         Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            MICHAEL T. STOLPER, The Stolper
                          Group, LLP, New York, New York.

FOR APPELLEE:             JOEL C. MACMULL, with John B.
                          Simoni, Jr., on the brief, Goetz
                          Fitzpatrick LLP, New York, New
                          York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **REVERSED IN PART**.

Consolidated Energy Design Inc. ("CED") appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), granting defendant-appellee The Princeton Club of New York's ("the Club" or "the Princeton Club") motion to dismiss for failure to state a claim upon which relief can be granted.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This diversity action, governed by New York law, arises out of a dispute over an unpaid invoice for approximately $250,000 worth of energy consulting work that CED claims to have performed for the Princeton Club in 2007.  CED raises two arguments on appeal: (1) that the district court erred in holding that its breach of contract claim was time-barred, and (2) that the district court erred in dismissing CED's account stated claim on the basis that the Club disputed CED's invoice within a reasonable time.

We review <u>de novo</u> a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff.  <u>Lotes Co. v. Hon Hai Precision Indus. Co.</u>, 753 F.3d 395, 403 (2d Cir. 2014).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

**1.**  In New York, "[a]s a general principle, the statute of limitations begins to run when a cause of action accrues, that is, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court."  <u>Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.</u>, 18 N.Y.3d 765, 770 (N.Y. 2012) (internal citation and quotation marks omitted).  In a breach of contract action, "a claim generally accrues at the time of the breach."  <u>Id.</u>  Specifically, "where the claim is for payment of a sum of money allegedly owed pursuant to a

2

contract, the cause of action accrues when the party making the claim possesses a legal right to demand payment."  Id. (internal quotations marks omitted); see also New York C.P.L.R. § 206(a) ("[W]here a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete.").

The Princeton Club takes the view that the limitations period began on the day that CED terminated its work.  CED, on the other hand, is vague about what it believes to be the triggering date: sometimes it suggests that the invoice date is controlling, other times it suggests that the limitations period commences a "reasonable period of time after issuing [an] invoice."

In any event, New York law is clear: "the cause of action accrues when the party making the claim possesses a legal right to demand payment," Hahn, 18 N.Y.3d at 770--not on the actual demand date, and certainly not a "reasonable time" thereafter.

In this case, CED had a "legal right to demand payment" as soon as it completed its work under the oral contract. See, e.g., Hahn, 18 N.Y.3d at 770.  So, the limitations period began on the final date of the actual work.  See, e.g., Phillips Constr. Co. v. City of New York, 61 N.Y.2d 949, 951 (N.Y. 1984) ("The Statute of Limitations prescribed in [C.P.L.R. § 213(2)] began to run on completion of the actual physical work even though incidental matters relating to the project remained open.").  Hence, in this case, the statute of limitations began to run on October 12, 2007, and CED's breach of contract claim is time-barred.

For these reasons, the district court's dismissal of CED's breach of contract claim is affirmed.

**2.**  CED also brings a claim for an account stated.  To state such a claim under New York law, "the plaintiff must plead that: (1) an account was presented; (2) it was accepted as correct; and (3) [the] debtor promised to pay the amount stated."  IMG Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009) (internal quotation marks omitted).  Importantly, "[t]he second and third requirements . . . may be implied if 'a party receiving a statement of account keeps it without objecting to it within a reasonable time.'" Id. (quoting LeBoeuf,

3

Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999)).

The Club argues that even accepting all of the allegations in the complaint as true, the only plausible inference is that the Club objected to the invoice in a timely manner.  The district court agreed.  We do not, and reverse.

The complaint alleges that CED "submitted an invoice to the club for the services rendered," which reflected "full and true accounts of the indebtedness due and owing by the Club."  Compl. ¶¶ 38-39.  The complaint then alleges that "[t]he invoice was delivered to and received and retained by the Club without any objection to the contents of said statements."  Id. ¶ 39; see also id. ¶ 2 ("Defendant ignored the invoice, without basis or explanation."); id. ¶ 20 ("Mr. Hines opted to ignore the invoice.").  These allegations are sufficient to state a claim for an account stated: (1) "the account was presented," IMG Fragrance, 679 F. Supp. 2d at 411, and "[t]he second and third requirements" are "implied" because the "party receiving a statement of account ke[pt] it without objecting to it within a reasonable time." Id. (internal quotation marks omitted).

The district court referred to allegations of fact which, if proved, would show that the parties met to discuss the invoice, and concluded that "[t]hese facts demonstrate that the parties disputed payment of the invoice." Possibly.  But if the Club did not pay the invoice even after CED's owner followed up by telephone, by email, and by in-person meeting, as alleged, that does not compel the inference that the district court drew in the Club's favor.  Another possible inference is that the Club never actually objected, but was simply stalling.  That would support an account-stated cause of action.  Because both inferences are plausible based on the facts alleged in the complaint, drawing all inferences in the plaintiff's favor as we must, the account-stated claim was adequately pled, and dismissal of the complaint on this basis was improper.

Finally, the district court also relied on a comment from CED's owner, suggesting that the Club objected to the invoice in 2011.  But CED submitted the invoice in 2008, so any objection in 2011--three years later--appears not to have come within a "reasonable" amount of time under New York law.  See, e.g., Kramer, Levin, Nessen, Kamin & Frankel

4

_v. Aronoff_, 638 F. Supp. 714, 720 (S.D.N.Y. 1986) (holding that three years of silence after receipt of an invoice "amounts to an implied acquiescence to the stated account" under New York law).  At the very least, the "reasonableness" of the belated objection should not be resolved against the plaintiff at the motion-to-dismiss stage.

For the foregoing reasons, and finding no merit in the parties' other arguments, we hereby **AFFIRM IN PART**, **REVERSE IN PART**, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5